**250th District Court**

# Case Summary

### Case No. D-1-GN-22-001610

| | | |
|---|---|---|
| NEIL HESLIN,SCARLETT | § | Location |
| LEWIS,LEONARD POZNER,VERONIQUE | § | **250th District Court** |
| DE LA ROSA,MARCEL FONTAINE VS. | § | Judicial Officer |
| **ALEX JONES,FREE SPEECH SYSTEMS** | § | **250TH, DISTRICT COURT** |
| **LLC,PQPR HOLDINGS LIMITED** | § | Filed on |
| **LLC,PLJR HOLDINGS, LLC,CAROL** | § | **04/06/2022** |
| **JONES** | | |

---

## Case Information

Case Type:   Other Civil

Case Status:   **04/06/2022   Open**

---

## Assignment Information

**Current Case Assignment**

Case Number      D-1-GN-22-001610
Court            250th District Court
Date Assigned    04/06/2022
Judicial Officer 250TH, DISTRICT COURT

---

## Party Information

| | | |
|---|---|---|
| **Defendant** | **AEJ HOLDINGS, LLC** | **REYNAL, FEDERICO ANDINO** *Retained* |
| | **AEJ TRUST 2018** | **REYNAL, FEDERICO ANDINO** *Retained* |
| | **FREE SPEECH SYSTEMS LLC** | **REYNAL, FEDERICO ANDINO** *Retained* |
| | | **LEMMON, STEPHEN W.** |

| JLJR HOLDINGS LLC | *Retained* |
| JONES, ALEX E | **REYNAL, FEDERICO ANDINO** *Retained* |
| JONES, CAROL | **ROBERTS, STEPHEN A** *Retained* |
| JONES, DAVID | **ROBERTS, STEPHEN A** *Retained* |
| PLJR HOLDINGS, LLC | **LEMMON, STEPHEN W.** *Retained* |
| PQPR HOLDINGS LIMITED LLC | **LEMMON, STEPHEN W.** *Retained* |

## Case Events

04/06/2022
ORIGINAL PETITION/APPLICATION (OCA)
*PLAINTIFFS ORIGINAL PETITION*
Atty/Pro Se:   Attorney Moshenberg, Avishay

04/19/2022
ASSIGNMENT BY PRESIDING JUDGE
*ASSIGNMENT LETTER FROM JUDGE GAMBLE*

05/05/2022
OTHER/NOTICE
*PROCESS REQUEST FORM*

05/17/2022
EXECUTED SERVICE
*EXECUTED CITATION - FREE SPEECH SYSTEMS LLC*
Party:   Defendant FREE SPEECH SYSTEMS LLC

05/17/2022
EXECUTED SERVICE
*EXECUTED CITATION-JLJR HOLDINGS LLC*
Party:   Defendant JLJR HOLDINGS LLC

05/17/2022
EXECUTED SERVICE
*EXECUTED CITATION-PLJR HOLDINGS, LLC*
Party:   Defendant PLJR HOLDINGS, LLC

05/17/2022

OTHER/NOTICE
*RETURN OF SERVICE - PQPR HOLDINGS LIMITED LLC*

05/18/2022

ORDER
*NOTICE OF NONSUIT WITH PREJUDICE*

06/03/2022

ANSWER
*PQPR HOLDINGS LIMITED LLC S, JLJR HOLDINGS, LLC S AND PLJR HOLDINGS, LLC S
ORIGINAL ANSWER*
Party:   Defendant JLJR HOLDINGS LLC;
         Defendant PLJR HOLDINGS, LLC;
         Defendant PQPR HOLDINGS LIMITED LLC
Party 2:   Attorney LEMMON, STEPHEN W.

06/06/2022

ANSWER
*DEFENDANTS ORIGINAL ANSWER*
Party:   Defendant AEJ HOLDINGS, LLC;
         Defendant AEJ TRUST 2018;
         Defendant FREE SPEECH SYSTEMS LLC;
         Defendant JONES, ALEX E
Party 2:   Attorney REYNAL, FEDERICO ANDINO

06/13/2022

ORDER
*ORDER FROM THE UNITED STATES BANKRUPTCY COURT GRANTING MOTION*

06/17/2022

PLEADING
*ORIGINAL PETITION IN INTERVENTION*
Party 2:   Attorney Chapple, Ryan Eric

07/11/2022

ANSWER
*ORIGINAL ANSWER OF DAVID AND CAROL JONES*
Party:   Defendant JONES, CAROL;
         Defendant JONES, DAVID
Party 2:   Attorney ROBERTS, STEPHEN A

08/16/2022

OTHER/NOTICE
*LETTER*

08/24/2022   
        OTHER/NOTICE
          *LETTER FROM GAMBLE*

---

## Service Events

05/12/2022   **Citation**
        FREE SPEECH SYSTEMS LLC
        Served: 05/16/2022
        PQPR HOLDINGS LIMITED LLC
        Unserved
        PLJR HOLDINGS, LLC
        Served: 05/16/2022
        JONES, CAROL
        Unserved
        JONES, DAVID
        Returned Unserved
        10/11/2022
        JLJR HOLDINGS LLC
        Served: 05/16/2022

4/6/2022 1:43 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-22-001610
Ruben Tamez

D-1-GN-22-001610

CAUSE NO. _____

| | | |
|---|---|---|
| **NEIL HESLIN, SCARLETT LEWIS,** | § | **IN THE DISTRICT COURT** |
| **LEONARD POZNER, VERONIQUE** | § | |
| **DE LA ROSA, MARCEL FONTAINE** | § | |
| | § | |
| **Plaintiffs** | § | |
| | § | |
| **v.** | § | **TRAVIS COUNTY, TEXAS** |
| | § | |
| **ALEX E. JONES, INFOWARS, LLC,** | § | |
| **FREE SPEECH SYSTEMS, LLC,** | § | |
| **PQPR HOLDINGS LIMITED LLC,** | § | |
| **JLJR HOLDINGS, LLC, PLJR** | § | |
| **HOLDINGS, LLC, CAROL JONES,** | § | |
| **DAVID JONES, PQPR HOLDINGS,** | § | |
| **LLC, JLJR HOLDINGS LIMITED,** | § | |
| **LLC, AEJ HOLDINGS, LLC, AEJ** | § | |
| **TRUST 2018** | § | 200TH, DISTRICT COURT |
| | § | |
| **Defendants.** | § | _____ **DISTRICT COURT** |

## PLAINTIFFS' ORIGINAL PETITION

### Introduction

1.      After Alex Jones was sued for claiming the massacre at Sandy Hook Elementary was a hoax, the infamous conspiracy theorist conspired to divert his assets to shell companies owned by insiders like his parents, his children, and himself. Since being sued, Jones transferred millions of dollars from his fortune to these insiders—whom he apparently thought were beyond reach. But the Texas Uniform Fraudulent Transfer Act prohibits defendants from playing shell games to shield assets from their creditors. And it allows creditors like the Sandy Hook Families to void fraudulent transfers that defendants like Alex Jones make to their insiders. The Sandy Hook Families and Fontaine therefore assert TUFTA claims against Jones and his insiders to foil this scheme.

1

## Parties

**The Sandy Hook Families**

2.      Plaintiff Neil Heslin is an individual who resides in Connecticut.

3.      Plaintiff Scarlett Lewis is an individual who resides in Connecticut.

4.      Plaintiff Leonard Pozner is an individual who resides in Florida.

5.      Plaintiff Veronique De La Rosa is an individual who resides in Florida.

**Fontaine**

6.      Plaintiff Marcel Fontaine is an individual who resides in Massachusetts.

**The Jones Debtors**

7.      Defendant Alex E. Jones is a resident of Austin, Texas. He hosts radio and web-based news programing, including "The Alex Jones Show," and he owns Free Speech Systems, LLC, which operates the website infowars.com. Jones can be served at his place of business, InfoWars, 3019 Alvin Devane Blvd., Suite 300-350, Austin, TX 78741.

8.      Defendant InfoWars, LLC is a Texas limited-liability company with principal offices located in Austin, Texas. It may be served at the address of its registered agent, Eric Taube, at 100 Congress Ave., 18th Floor, Austin, TX 78701.

9.      Defendant Free Speech Systems, LLC is a Texas limited-liability company with principal offices located in Austin, Texas. It may be served at the address of its registered agent, Eric Taube, at 100 Congress Ave., 18th Floor, Austin, TX 78701.

10.     At all times relevant to this petition, these Jones Debtors operated as a joint venture, joint enterprise, single-business enterprise, or alter ego.

**The Jones Transferees**

11.     Defendant PQPR Holdings Limited LLC is a Nevada limited-liability company. It may be served at the address of its registered agent, Registered Agents Inc., at 401 Ryland St., Suite 200-A, Reno, NV 89502.

12.     Defendant JLJR Holdings, LLC is a Nevada limited-liability company. It directly and indirectly owns, operates, and receives income from PQPR Holdings Limited LLC. It may be served at the address of its registered agent, Registered Agents Inc., at 401 Ryland St., Suite 200-A, Reno, NV 89502.

13.     Defendant PLJR Holdings, LLC is a Nevada limited-liability company. It directly and indirectly owns, operates, and receives income from PQPR Holdings Limited LLC. It may be served at the address of its registered agent, Registered Agents Inc., at 401 Ryland St., Suite 200-A, Reno, NV 89502.

14.     Defendant Carol Jones is a resident of Austin, Texas. She is Alex Jones's mother and directly and indirectly owns, operates, and receives income from PQPR Holdings Limited LLC. She can be served personally at 3402 Clawson Road, Austin, Texas 78704 or wherever she can be found.

15.     Defendant David Jones is a resident of Austin, Texas. He is Alex Jones's father and directly and indirectly owns, operates, and receives income from PQPR Holdings Limited LLC. He can be served personally at 3402 Clawson Road, Austin, Texas 78704 or wherever he can be found.

16.     Defendant PQPR Holdings, LLC is an entity that has been previously identified by the Jones Debtors as a party to transfers or obligations that Plaintiffs contend are fraudulent. To date, Plaintiffs have found no entity by this name and no registered agent to receive service. They will amend this pleading accordingly when a registered agent has been ascertained.

17.     Defendant JLJR Holdings Limited, LLC is an entity listed as a member of PQPR Holdings Limited, LLC and PLJR Holdings, LLC. To date, Plaintiffs have found no entity by this name and no registered agent to receive service. They will amend this pleading accordingly when a registered agent has been ascertained.

18.     Defendant AEJ Holdings, LLC is an entity that has been identified previously by the Jones Debtors as a party to transfers or obligations that Plaintiffs contend are fraudulent. To date, Plaintiffs have found no entity by this name and no registered agent to receive service. They will amend this pleading accordingly when a registered agent has been ascertained.

19.     Defendant AEJ Trust 2018 is an entity that has been identified previously by the Jones Debtors as a party to transfers or obligations that Plaintiffs contend are fraudulent. To date, Plaintiffs have found no entity by this name and no registered agent to receive service. They will amend this pleading accordingly when a registered agent has been ascertained.

20.     At all times relevant to this petition, the Jones Transferees and Defendant Alex Jones operated as a joint venture, joint enterprise, single-business enterprise, or alter ego.

## Discovery-Control Plan

21.     Discovery should be conducted under Level 3 case of the Texas Rules of Civil Procedure.[1] Plaintiffs seek monetary relief over $1,000,000.[2]

## Jurisdiction and Venue

22.     The amount in controversy exceeds the Court's minimum jurisdictional requirements.

---

[1] *See* Tex. R. Civ. P. 190.

[2] *See* Tex. R. Civ. P. 47. Plaintiffs may also seek injunctive relief, in which case they may request expedited discovery. *See* Tex. R. Civ. P. 680.

23.     Venue is proper in Travis County because that's where certain Defendants resided when the cause of action accrued and because all or a substantial part of the events or omissions giving rise to the claims occurred in Travis County.[3]

## Background

24.     Alex Jones, through his media companies Free Speech Systems and InfoWars, became a national figure by peddling bizarre conspiracy theories. Followers tune in to hear him and his guests ramble about unsubstantiated claims—like how the September 11th attacks were an inside job by the U.S government. They can also hear him tout the various products available to buy on his InfoWars website. And they can then navigate to that website, where they have a host of products available for purchase.

25.     They can buy, for example, bumper stickers echoing the types of conspiracy theories they hear on Jones's programming:



------

[3] *See* Tex. Civ. Prac. & Rem. Code § 15.002.

[4] InfoWars Store, at "Stickers and Decals", https://www.infowarsstore.com/gear/stickers-and-decals (last visited April 4, 2022).

5

26.     They can even buy various "preparedness" kits ranging from seeds to storable food to survival gear to nuclear and biological supplies:



27.     The sale of these types of products on the InfoWars website and elsewhere enabled the Jones Debtors to earn a fortune.

28.     But after the Jones Debtors aimed their conspiracy theories at Sandy Hook Elementary—claiming the tragic shooting there was staged—that all changed.

---

[5] InfoWars Store, at "Preparedness", https://www.infowarsstore.com/preparedness (last visited April 4, 2022).

**The Sandy Hook Families and Fontaine sue the Jones Debtors for defamation.**

29.     In April 2018, the Sandy Hook Families and Fontaine sued the Jones Debtors for defamation, among other claims, based on various lies and conspiracy theories Alex Jones espoused through his media outlet (the Defamation Cases).[6] The claims of the Sandy Hook Families—parents of children slain at Sandy Hook—stem from conspiracy theories the Jones Debtors disseminated that the mass shooting was a hoax.[7] Similarly, Fontaine's claims arose from falsehoods the Jones Debtors spread that he was the shooter responsible for murdering 17 people at a high school in Parkland, Florida.[8]

30.     Rather than accept responsibility for propagating these lies, however, the Jones Debtors continued to deflect the truth. The Jones Debtors first tried to dismiss the Defamation Cases. But the trial courts denied those attempts in part because the Jones Debtors refused to cooperate in the cases' truth-finding phase of discovery. Instead of accepting blame then, the Jones Debtors appealed the trial courts' denials of their dismissal motions. Each time, the appellate court declined the Jones Debtors' requests to dismiss the cases. The appellate court

---

[6] Cause No.: D-1-GN-18-001835; *Neil Heslin v Alex E. Jones, Infowars, LLC, Free Speech Systems, LLC and Owen Shroyer*; In the 261st Judicial District Court of Travis County, Texas; Cause No.: D-1-GN-18-001842; *Leonard Pozner and Veronique De La Rosa v Alex E. Jones, Infowars, LLC and Free Speech Systems, LLC*; In the 345th Judicial District Court of Travis County, Texas; Cause No.: D-1-GN-19-004651; *Neil Heslin v Alex E. Jones, Infowars, LLC and Free Speech Systems, LLC*; In the 261st Judicial District Court of Travis County, Texas; Cause No.: D-1-GN-18-006623; *Scarlett Lewis v Alex E. Jones, Infowars, LLC and Free Speech Systems, LLC*; In the 98th Judicial District Court of Travis County, Texas; Cause No.: D-1-GN-18-001605; *Marcel Fontaine v Infowars, LLC, Free Speech Systems, LLC and Kit Daniels*; In the 459th Judicial District Court of Travis County, Texas.

[7] *See e.g., Jones v. Heslin*, No. 03-20-00008-CV, 2020 WL 4742834, at *1 (Tex. App.—Austin Aug. 14, 2020, pet. denied); *Jones v. Heslin*, No. 03-19-00811-CV, 2020 WL 1452025, at *1 (Tex. App.—Austin March 25, 2020, pet. denied); *Jones v. Pozner*, No. 03-18-00603-CV, 2019 WL 5700903, at *9 (Tex. App.—Austin Nov. 5, 2019, pet. denied); *Jones v. Lewis*, No. 03-19-00423-CV, 2019 WL 5090500, at *4 (Tex. App.—Austin October 11, 2019, pet. denied).

[8] *Infowars, LLC v. Fontaine*, No. 03-18-00614-CV, 2019 WL 5444400, at *1 (Tex. App.—Austin Oct. 24, 2019, pet. denied).

even sanctioned the Jones Debtors for raising a frivolous appeal that misrepresented the underlying facts and the governing law.[9]

31.     Even after the appellate court allowed the Defamation Cases to proceed, the Jones Debtors continued to obstruct discovery. Their repeated discovery abuses even culminated in the trial court granting default judgments for the Sandy Hook Families and against the Jones Debtors on liability in September 2021. The first trial against the Jones Debtors on damages commences at the end of April 2022. The next will follow soon after. In other words, judgments against the Jones Debtors are imminent.

**During the Defamation Cases, the Jones Debtors doomsday prepped for these eventual judgments by diverting assets.**

32.     After the Sandy Hook Families and Fontaine filed their Defamation Cases, the Jones Debtors started diverting their assets. From 2018 to 2021, for example, Alex Jones personally drew about $18 million from his InfoWars company, Free Speech Systems. These draws were in addition to his yearly salary, which exceeded $600,000, and taken while Free Speech Systems operated at a net loss in the millions each of those years.

33.     Jones apparently drew these $18 million while his company, Free Speech Systems, was insolvent. Just three months after the last appellate-court decision allowing the Defamation Cases to proceed, a company named PQPR filed a UCC Financing Statement claiming a security interest in essentially everything Free Speech Systems owns. The claimed security interest covers an alleged $54 million debt Free Speech Systems owes to PQPR. The supposed debt began accruing years earlier as part of an arrangement where Free Speech Systems sells PQPR's products on the InfoWars website. Under this alleged arrangement, PQPR was to be reimbursed for the costs of the products and receive 70% of the sales revenue while

---

[9] *Heslin*, 2020 WL 1452025, at *6.

Free Speech Systems retained the other 30%. In practice, however, Free Speech Systems supposedly kept 100% of the revenue for about seven years and didn't pay for the goods PQPR provided—to the point where a $54 million debt had accumulated. All the while, PQPR not only supplied Free Speech Systems with more products to sell but also paid Free Speech Systems millions of dollars a year to advertise on the InfoWars website. PQPR still supplies the Jones Debtors with products to sell and pays for advertising on the website.

34.     So why would an independent business like PQPR continue to engage in such questionable transactions?

35.     Because PQPR is not actually an independent business. It's an insider of the Jones Debtors. It is owned and operated directly or indirectly by Jones, his parents, and his children through an alphabet soup of shell entities like JLJR Holdings Limited LLC; JLJR Holdings, LLC; PLJR Holdings, LLC; PQPR Holdings, LLC; AEJ Holdings, LLC; and AEJ Trust 2018. And the income PQPR receives—including from sources like the Jones Debtors—goes to Alex Jones and these Jones Transferees.

36.     And after the Defamation Cases began, the Jones Debtors started transferring large sums of money to the Jones Transferees. These sums include money the Jones Debtors started regularly transferring from Free Speech Systems to PQPR *the same month that the default judgments were rendered*. In fact, the month the default judgments were rendered, Free Speech Systems started transferring to PQPR between $11,000 per day and $11,000 per week plus 60–80% of Free Speech Systems' sales revenue—supposedly just to pay the interest on the alleged $54 million debt. Free Speech Systems claims these payments are part of a "financial disentanglement between the two companies[.]" In reality, they're transfers designed to siphon off the Jones Debtors' assets to make them judgment-proof.

37.     This fact is only confirmed by the jaw-dropping amount in transfers the Jones Debtors made during the Defamation Cases. In 2021 alone, the Jones Debtors transferred from Free Speech Systems tens of millions more than it cost to operate that year. These transfers started just four months after the last appellate-court decision was issued that allowed the Defamation Cases to proceed.

## Causes of Action

38.     The Sandy Hook Families and Fontaine assert fraudulent-transfer claims under the Texas Uniform Fraudulent Transfer Act to void transfers between the Jones Debtors and the Jones Transferees. Texas enacted TUFTA to prevent debtors from prejudicing creditors by improperly moving assets beyond their reach.[10] Through TUFTA's statutory scheme, creditors may seek recourse for fraudulent transfers of assets or property.[11] The Sandy Hook Families and Fontaine are creditors entitled to recourse under TUFTA because the Jones Debtors engaged in fraudulent transfers and conspired to commit fraudulent transfers.[12]

**Count 1—Fraudulent Transfer with actual intent to hinder, delay, or defraud under § 24.0005(a)(1)**

39.     The Sandy Hook Families and Fontaine reallege and incorporate by reference the prior facts alleged in this pleading.

---

[10] *Janvey v. Golf Channel, Inc.*, 487 S.W.3d 560, 566 (Tex. 2016).

[11] *Sargeant v. Al Saleh*, 512 S.W.3d 399, 411–12 (Tex. App.—Corpus Chrisi-Edinburg 2016, no pet.) (citing cases).

[12] *See* Tex. Bus. & Com. Code § 24.002 (defining "creditor" as a person who has a "claim" and "claim" as a right to payment including whether or not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, or undisputed); *see also Bank of Am., N.A. v. Fulcrum Enterprises, LLC*, 20 F. Supp. 3d 594, 601 (S.D. Tex. 2014) (explaining that a person my bring a TUFTA action as a creditor of the transferor by virtue of a legal action, pending and unliquidated at the time of transfer).

40.     The Jones Debtors are liable for engaging in fraudulent transfers as to present and future creditors under § 24.0005(a)(1).[13] A transfer made or obligation incurred by a debtor is fraudulent as to a creditor under this section if the debtor made the transfer or incurred the obligation with the actual intent to hinder, delay, or defraud any creditor of the debtor.[14] Such transfers or obligations are fraudulent whether the creditor's claim arose before or within a reasonable time after the transfers were made or obligations incurred.[15]

41.     The Jones Debtors engaged in fraudulent transfers under this standard. During the Defamation Cases—while the Sandy Hook Families and Fontaine were creditors—the Jones Debtors transferred millions of dollars from Free Speech Systems for reasons unrelated to Free Speech Systems' business operations. In 2021 alone, they transferred from Free Speech Systems tens of millions more than it cost to operate that year. These transfers started just four months after the last appellate-court decision was issued that allowed the Defamation Cases to proceed.

42.     Transfers by the Jones Debtors while the Defamation Cases were pending also include payments to insiders, like Jones himself. From 2018 to 2021, for example, Jones apparently drew $18 million from Free Speech Systems, even though it was insolvent and operating at a net loss each of those years. These draws were in addition to (and about 30 times greater than) Jones's yearly salary.

43.     And since the Defamation Cases began, the Jones Debtors also transferred large sums to other insiders, like the Jones Transferees. These sums include money the Jones Debtors

---

[13] Tex. Bus. & Com. Code § 24.005(a)(1) ("(a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or within a reasonable time after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation: (1) with actual intent to hinder, delay, or defraud any creditor of the debtor;").

[14] *Id.*

[15] *Id.*

started regularly transferring from Free Speech Systems to insider PQPR the same month that default judgments in the Defamation Cases were rendered. Specifically, PQPR started receiving as much as $11,000 per day plus 60–80% of Free Speech Systems' sales revenue. These payments are allegedly to pay just the interest on the questionable $54 million obligation to PQPR the Jones Debtors decided that Free Speech incurred just three months after the appellate court allowed the Defamation Cases to proceed. All the while the Jones Debtors retained possession and control of these money transfers and obligations, as the money PQPR receives from Free Speech Systems goes directly and indirectly to insiders like Jones, his parents, and his children through the shell entities included as Jones Transferees.

44.     These transfers and obligations that the Jones Debtors made and incurred were done with the actual intent to hinder, delay, or defraud their creditors—including the Sandy Hook Families and Fontaine. That truth becomes especially glaring considering the badges of fraud surrounding these transfers and obligations.[16] Those badges include, for example, that the transfers and obligations were made to insiders who retained possession and control over the property; the transfers and obligations were concealed and made while the Defamation Cases were pending and while the Jones Debtors were insolvent; and that past and future transfers to PQPR will eliminate substantially all of the Jones Debtors' assets—as these essential assets paid

---

[16] Tex. Bus. & Com. Code § 24.005(b) ("(b) In determining actual intent under Subsection (a)(1) of this section, consideration may be given, among other factors, to whether: (1) the transfer or obligation was to an insider; (2) the debtor retained possession or control of the property transferred after the transfer; (3) the transfer or obligation was concealed; (4) before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit; (5) the transfer was of substantially all the debtor's assets; (6) the debtor absconded; (7) the debtor removed or concealed assets; (8) the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred; (9) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred; (10) the transfer occurred shortly before or shortly after a substantial debt was incurred; and (11) the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.").

to insider and supposed secured creditor PQPR will be subsequently transferred to insiders like Jones, his parents, and his children through the Jones Transferees.

45.    The Jones Debtors are thus liable under § 24.0005(a)(1) and the Sandy Hook Families and Fontaine seek the remedies available under TUFTA against not only the Jones Debtors as transferors but also Jones and the Jones Transferees as transferees. Among the remedies the Sandy Hook Families and Fontaine seek is to void the transfers made by the Jones Debtors to Jones and the Jones Transferees or to recover from Jones and the Jones Transferees the value of the transfers they received from the Jones Debtors.[17]

**Count 2—Fraudulent Transfer without receiving reasonably equivalent value under § 24.0005(a)(2)**

46.    The Sandy Hook Families and Fontaine reallege and incorporate by reference the prior facts alleged in this pleading.

47.    The Jones Debtors are liable for engaging in fraudulent transfers as to present and future creditors under § 24.0005(a)(2).[18] A transfer made or obligation incurred by a debtor is fraudulent as to a creditor under this section if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation, and either (1)  the debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to

---

[17] Tex. Bus. & Com. Code § 24.008.

[18] Tex. Bus. & Com. Code § 24.005(a)(2) "(a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or within a reasonable time after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation: . . . (2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor (A) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or the transaction; or (B) intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.").

the business or transaction; or (2) the debtor intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.[19] Such transfers or obligations are fraudulent whether the creditor's claim arose before or within a reasonable time after the transfers were made or obligations incurred.[20]

48.    Under these standards the Jones Debtors committed fraudulent transfers as to the Sandy Hook Families and Fontaine. While the Defamation Cases were pending—that is, while the Sandy Hook Families and Fontaine were creditors—the Jones Debtors transferred millions of dollars from Free Speech Systems without receiving reasonably equivalent value in exchange, and while the Jones Debtors' assets were unreasonably small. Moreover, the Jones Debtors incurred millions of dollars in obligations they intended or reasonably should have believed they would be unable to pay as they became due.

49.    For instance, in 2021 the Jones Debtors transferred from Free Speech Systems tens of millions more than it cost to operate the company. These transfers were unrelated to operating the business and thus weren't in exchange for reasonably equivalent value. And these transfers far exceeded Free Speech Systems' assets—and any of the Jones Debtors' for that matter—which were unreasonably small compared to the millions transferred away.

50.    And from 2018 to 2021, the Jones Debtors also transferred from Free Speech Systems to Jones about $18 million on top of the already substantial salary he received. Of course these $18 million in draws weren't for reasonably equivalent value, especially given that Free Speech Systems was operating at a loss at that time and allegedly had other substantial debts to insider PQPR it hadn't been paying for years. And these $18 million in transfers

---

[19] *Id.*

[20] *Id.*

virtually eliminated Free Speech Systems' remaining assets, which were already unreasonably small compared to the $18 million that had been transferred.

51.     And around the time that default judgments were rendered against the Jones Debtors in the Defamation Cases, the Jones Debtors incurred an obligation to insider PQPR to pay only the interest on the supposed $54 million debt to PQPR that Free Speech Systems hadn't been paying as it became due. Under this obligation to pay only the interest, Free Speech Systems agreed to pay as much as $11,000 per day plus 60–80% of its sales revenue. Incurring such a hefty obligation to cover only the interest on an alleged debt to an insider is not for reasonably equivalent value. And the Jones Debtors intended to incur or believed or reasonably should have believed that Free Speech Systems was incurring, debts beyond its ability to pay as they became due. After all, given that 100% of Free Speech Systems' sales revenue was already too little to cover its operating expenditures, counting on only 20–40% of sales revenue to cover operating expenditures would be quixotic. The Jones Debtors knew or should have known their new obligation to insider PQPR—which is directly and indirectly run by and benefits Jones, his parents, and his children through the Jones Transferees—is beyond their ability to pay.

52.     This of course rests against the backdrop of the dubious $54 million obligation Free Speech Systems now claims it owes PQPR. Free Speech Systems apparently did not recognize any obligation to PQPR before the Defamation Cases. Only after the appellate court allowed the cases to proceed, did any evidence of an obligation by Free Speech Systems to PQPR surface. That Free Speech Systems needlessly agreed to take on a $54 million obligation to an insider is not an obligation in exchange for reasonably equivalent value. And it's an obligation the Jones Debtors apparently intended to incur or believed or reasonably should have believed they would incur and would be beyond their ability to pay as they became due.

53.      The Jones Debtors are thus liable under § 24.0005(a)(2) and the Sandy Hook Families and Fontaine seek the remedies available under TUFTA against not only the Jones Debtors as transferors but also Jones and the Jones Transferees as transferees. Among the remedies they seek is to void the transfers made by the Jones Debtors to Jones and the Jones Transferees or to recover from Jones and the Jones Transferees the value of the transfers they received from the Jones Debtors.[21]

**Count 3—Fraudulent Transfer without receiving reasonably equivalent value under § 24.0006(a)**

54.      The Sandy Hook Families and Fontaine reallege and incorporate by reference the prior facts alleged in this pleading.

55.      The Jones Debtors are liable for engaging in fraudulent transfers as to present creditors under § 24.0006(a).[22] A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.[23]

56.      The Jones Debtors also committed fraudulent transfers under this standard. While the Sandy Hook Families and Fontaine were creditors and while the Jones Debtors were insolvent, the Jones Debtors transferred millions of dollars without receiving reasonably

---

[21] Tex. Bus. & Com. Code § 24.008.

[22] Tex. Bus. & Com. Code § 24.006(a) ("(a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.").

[23] *Id.*

equivalent value. These transfers include the tens of millions transferred from Free Speech Systems in 2021 that were unrelated to its operation. They also include $18 million that Jones drew from his business, Free Speech Systems. And they include the Jones Debtors' payments on just the interest on an alleged $54 million debt Free Speech Systems owes insider PQPR—payments that include as much as $11,000 per day plus 60–80% of Free Speech Systems' sales revenue. As explained in prior sections, none of these transfers and obligations were in exchange for reasonably equivalent value. And all were apparently made and incurred while the Jones Debtors were insolvent—or they became insolvent as a result of these transfers and obligations.

57.    The Jones Debtors are thus liable under § 24.0006(a) and the Sandy Hook Families and Fontaine seek the remedies available under TUFTA against not only the Jones Debtors as transferors but also Jones and the Jones Transferees as transferees. Among the remedies they seek is to void the transfers made by the Jones Debtors to Jones and the Jones Transferees or to recover from Jones and the Jones Transferees the value of the transfers they received from the Jones Debtors.[24]

**Count 4—Fraudulent Transfer without receiving reasonably equivalent value under § 24.0006(b)**

58.    The Sandy Hook Families and Fontaine reallege and incorporate by reference the prior facts alleged in this pleading.

59.    The Jones Debtors are liable for engaging in fraudulent transfers as to present creditors under § 24.0006(b).[25] A transfer made by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made if the transfer was made to an insider for an antecedent

---

[24] Tex. Bus. & Com. Code § 24.008.

[25] Tex. Bus. & Com. Code § 24.006(b) ("(b) A transfer made by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made if the transfer was made to an insider for an antecedent debt, the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent.").

debt, the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent.[26]

60.     The Jones Debtors engaged in fraudulent transfers under this standard. After the Sandy Hook Families' and Fontaine's claims against the Jones Debtors arose, the Jones Debtors started repaying an alleged debt to insider PQPR, which is owned directly and indirectly by Jones, his parents, and his children through various entities—the Jones Transferees. Moreover, income that PQPR receives from Free Speech Systems, for example, is directly and indirectly paid to Jones, his parents, and his children though the Jones Transferees. The Jones Debtors made these transfers to pay off this antecedent debt to insider PQPR directly (and Jones and the Jones Transferees indirectly) while they were insolvent. And the Jones Transferees, including PQPR, had reasonable cause to believe that the Jones Debtors were insolvent at the time. After all, the Jones Debtors allegedly failed to the pay the supposed debt to PQPR for years to the point where the debt reached $54 million and exceeded the Jones Debtors' assets.

61.     And to the extent that the $18 million Jones drew from Free Speech Systems between 2018 and 2021 were payments for antecedent debts, such payments are also fraudulent transfers under this section. These transfers were made after the Sandy Hook Families' and Fontaine's claims against the Jones Debtors arose. As Free Speech Systems' sole owner, Jones was its insider. And as its sole owner, Jones had reasonable cause to believe that Free Speech Systems was insolvent—and in fact was insolvent—when these transfers to him were made.

62.     The Jones Debtors are thus liable under § 24.0006(b) and the Sandy Hook Families and Fontaine seek the remedies available under TUFTA against not only the Jones Debtors as transferors but also Jones and the Jones Transferees as transferees. Among the remedies they seek is to void the transfers made by the Jones Debtors to Jones and the Jones

---

[26] *Id.*

Transferees or to recover from Jones and the Jones Transferees the value of the transfers they received from the Jones Debtors.[27]

## Count 5—Conspiracy to commit fraudulent transfers

63.     The Sandy Hook Families and Fontaine reallege and incorporate by reference the prior facts alleged in this pleading.

64.     The Jones Debtors and the Jones Transferees are liable for conspiracy to commit fraudulent transfers.[28] The elements of a civil conspiracy are: (1) two or more persons; (2) an end to be accomplished; (3) meeting of the minds on the end or course of action; (4) one or more overt unlawful acts; and (5) proximately resulting in injury.[29]

65.     Here, the Jones Debtors and the Jones Transferees conspired to commit fraudulent transfers. As the prior paragraphs establish, the Jones Debtors and the Jones Transferees conspired to siphon the Jones Debtors' assets away to avoid paying the Sandy Hook Families and Fontaine in the Defamation Cases. The Jones Debtors and the Jones Transferees then proceeded with the course of action of transferring millions of dollars in assets away from the Jones Debtors and having the Jones Debtors incur millions of dollars in obligations to its insider Jones Transferees, who weren't sued in the Defamation Cases. These overt acts are unlawful fraudulent transfers under TUFTA. And they proximately resulted in injury to the Sandy Hook Families and Fontaine. Diverting assets away from the Jones Debtors to the Jones Transferees impairs the Sandy Hook Families' and Fontaine's ability to collect on their judgments.

---

[27] Tex. Bus. & Com. Code § 24.008.

[28] *In re Northstar Offshore Grp., LLC*, 616 B.R. 695, 743 (Bankr. S.D. Tex. 2020) (citing *Ramirez v. Rodriguez (In re Ramirez),* 413 B.R. 621, 629 (Bankr. S.D. Tex. 2009) and *Biliouris v. Sundance Res., Inc.*, 559 F. Supp. 2d 733, 740 (N.D. Tex. 2008)).

[29] *Id.* at 743–44.

## Conditions Precedent

66.     All conditions precedent to the Sandy Hook Families' and Fontaine's claims for relief have been performed or have occurred or have been waived.

## Attorney's Fees and Interest

67.     The Sandy Hook Families and Fontaine seek costs and attorney's fees under § 24.013 of the Texas Uniform Fraudulent Transfer Act.[30]

68.     The Sandy Hook Families and Fontaine further seek pre- and post-judgment interest on the amount of any judgment as allowed by law.

## Request for Disclosure

69.     Defendants are requested to disclose, within 50 days of the service of this request, the information or material described in Texas Rule of Civil Procedure 194.2.

## Trial by Jury

70.     The Sandy Hook Families and Fontaine respectfully request a trial by jury.

## Notice of Intent

71.     Under Rule 193.7, Plaintiffs intend to use any documents produced in response to written discovery requests at trial and in any pretrial matters in the litigation.[31]

## Prayer

For these reasons, Plaintiffs respectfully request that Defendants be cited to appear and answer and that judgment be awarded to Plaintiffs for the following:

1) avoidance of transfers or obligations to the extent necessary to satisfy Plaintiffs' claims;

---

[30] Tex. Bus. & Com. Code § 24.013.

[31] Tex. R. Civ. P. 193.7.

2) an attachment or any other provisional remedy against the assets transferred or other property of the transferee in accordance with the applicable Texas Rules of Civil Procedure and the Civil Practice and Remedies Code relating to ancillary proceedings;

3) an injunction—including temporary and permanent injunctive relief—against further disposition by the debtors or transferees, or both, of the assets transferred or of other property;

4) an appointment of a receiver to take charge of the assets transferred or of other property of the transferees;

5) to levy execution on assets transferred or their proceeds;

6) actual damages, including direct, indirect, special, incidental, and consequential damages;

7) exemplary damages;

8) costs and reasonably attorney's fees as are equitable and just;

9) pre- and post-judgment interest;

10) any other relief the circumstances may require.

Dated: April 6, 2022

Respectfully submitted

**MCDOWELL HETHERINGTON LLP**

By: */s/ Avi Moshenberg*
    Avi Moshenberg
    Texas Bar No. 24083532
    Nick Lawson
    State Bar No. 24083367
    Matthew Caldwell
    State Bar No. 24107722
    1001 Fannin Street, Suite 2700
    Houston, TX 77002
    Phone: (713) 337-5580
    Fax: (713) 337-8850
    Email: avi.moshenberg@mhllp.com
    Email: nick.lawson@mhllp.com
    Email: matthew.caldwell@mhllp.com

**KASTER LYNCH FARRAR & BALL, LLP**

By: _/s/ Mark D. Bankston_
    Mark D. Bankston
    State Bar No. 24071066
    William R. Ogden
    State Bar No. 24073531
    1117 Herkimer
    Houston, Texas 77008
    (713) 221-8300 Telephone
    (713) 221-8301 Fax
    Email: mark@fbtrial.com
    Email: bill@fbtrial.com

**THE AKERS FIRM PLLC**

By: _/s/ Cordt Akers_
    Cordt Akers
    State Bar No. 24080122
    3401 Allen Parkway, Suite 101
    Houston, TX 77019
    Phone: (713) 877-2500
    Fax: (713) 583-8662
    Email: cca@akersfirm.com

**ATTORNEYS FOR PLAINTIFFS**



Filed in The District Court
of Travis County, Texas
AR   APR 19 2022
At___3:30___P.M.
Velva L. Price, District Clerk

**MAYA GUERRA GAMBLE**
Judge, 459th District Court
**Heman Marion Sweatt Travis County Courthouse P.O. Box 1748**
**Austin, Texas 78767**
**512-854-9384**

April 19, 2022

Avi Moshenberg
1001 Fannin St, Ste 2700
Houston, TX 77002
avi.moshenberg@mhllp.com

F. Andino Reynal
PO Box 61129
Houston, TX 77208
areynal@frlaw.us

Mark Bankston
1117 Herkimer
Houston, TX 77008
mark@fbtrial.com

Joseph Magliolo Jr
917 Franklin St, Ste 600
Houston, TX  77002
jmagliolo@frlaw.us

Cordt Akers
3401 Allen Parkway, Ste 101
Houston, TX 77019
cca@akersfirm.com

> **RE: Case No. D-1-GN-22-001610**; *Neil Heslin, Scarlett Lewis, Leonard Pozner, Veronique de la Rosa, and Marcel Fontaine v Alex E Jones, Infowars LLC, Free Speech Systems LLC, PQPR Holdings Limited LLC, JLJR Holdings LLC, PLJR Holdings LLC, Carol Jones, David Jones, PQPR Holding LLC, JLJR Holdings Limited LLC, AEJ Holdings LLC, AEJ Trust 2018; in the 200th Judicial District, Travis County, Texas*

Dear Counsel:

This case is now assigned to me pursuant to Travis County Local Rule 2.6.  All matters, **including agreed motions and orders**, as well as any final proceedings, shall be heard and considered by this Court only. If you need to set a hearing, please confer with each other and then contact my Judicial Executive Assistant, Shannon Matusek-Steele, at (512) 854-9384.

Please remember that you must deliver all pleadings directly to the 459th as well as file them with the District Clerk. I will not receive them automatically. You may email them to Ms. Matusek-Steele and we will also create a Box drive folder in advance of any hearings. The Court requires hard copies of any filings larger than 15 pages be delivered to the District Judges Office, Room 327.

Counsel must attempt to agree on a briefing schedule, including hearing dates, which should be provided to the Court *within 60 days* of the date of this letter. If the parties cannot agree to the schedule, please contact the court's Judicial Executive Assistant, Shannon Matusek-Steele at (512) 854-9384. Additionally, please coordinate with Ms. Matusek-Steele for dates and times of any hearings that you may need to set.

For any setting, you must announce in compliance with Chapter 3 of the Local Rules of the District Courts of Travis County and the most recent Travis County Civil and Family Courts Emergency Order. I look forward to working with you on this case.

Very Truly Yours,

Maya Guerra Gamble
Judge, 459th District Court

MGG/sms
cc: Velva Price, District Clerk



**VELVA L. PRICE**
District Clerk, Travis County
Civil Division (512) 854-9457

5/5/2022 12:08 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-22-001610
Chloe Jimenez

## Process Request Form

**CASE NUMBER:** D-1-GN-22-001610     **COUCOURT:** 200

**NAME(S) OF DOCUMENTS TO BE SERVED:** Plaintiff's Original Petition

**FILE DATE:** 04/06/22
Day/Month/Year

**SERVICE TO BE ISSUED ON:** (Please List Exactly As The Name Appears In The Pleading To Be Served- Additional Parties on page 2)

1.
   **Issue Service to:** InfoWars, LLC

   **Address of Service:** 1100 Guadalupe Street

   **City, State & Zip:** Austin, Texas 78701

   **Agent:** (if applicable) John C. Carsey

**TYPE OF SERVICE/PROCESS TO BE ISSUED:**

- [x] **Citation**   [ ] **Citation by Posting**   [ ] **Citations Rule 106 Service**   [ ] **Hague Convention Citation**
- [ ] **Secretary of State/ Highway Commission/Commissioner of Insurance Citation**
- [ ] **Citation by Publication: Newspaper** _____
- [ ] **Show Cause**   [ ] **Notice**   [ ] **Temporary Restraining Order**   [ ] **Temporary Protective Order**
- [ ] **Capias**   [ ] **Attachment**   [ ] **Habeas Corpus**
- [ ] **Subpoena**   [ ] **Garnishment**   [ ] **Injunction**   [ ] **Sequestration**   [ ] **Abstract**   [ ] **Execution**
- [ ] **Other (Please Describe)** _____

**SERVICE BY** (check one):
- (•) **ATTORNEY/REQUESTER:** (Email) Avi Moshenberg
- ( ) **PROCESS SERVER:** (Email) _____
- ( ) **PICK UP:** (Person/Agency Name and Phone Number) _____
- ( ) **TRAVIS COUNTY CONSTABLE:** Please select PCT if you have a preference ( ) 1 ( ) 2 ( ) 3 ( ) 4 (•) 5
- ( ) **CERTIFIED MAIL**
- ( ) **OTHER,** *explain*: _____

**Requested by:**

   **Name:** Avi Moshenberg

   **Mailing Address:** 1001 Fannin St., Suite 2700

   **City, state, Zip:** Houston, Texas 77002

   **Phone Number:** 713.337.5580

   **E-mail Address:** avi.moshenberg@mhllp.com

**Notes/Comments to the clerk:** Please include ana.sanchez@mhllp.com to receive e-citations.

## Civil Process Request Form - Additional Parties

**SERVICE TO BE ISSUED ON:** (Please List Exactly As The Name Appears In The Pleading To Be Served)

**2.**
**Issue Service to:** Free Speech Systems, LLC
**Address of Service:** 1100 Guadalupe Street
**City, State & Zip:** Austin, TX 78701
**Agent:** (if applicable) John C. Carsey

**3.**
**Issue Service to:** PQPR Holdings Limited, LLC
**Address of Service:** 401 Ryland Street, Suite 200-A
**City, State & Zip:** Reno, NV 89502
**Agent:** (if applicable) Registered Agents, Inc.

**4.**
**Issue Service to:** JLJR Holdings
**Address of Service:** 401 Ryland Street, Suite 200-A
**City, State & Zip:** Reno, NV 89502
**Agent:** (if applicable) Registered Agents, Inc.

**5.**
**Issue Service to:** PLJR Holdings, LLC
**Address of Service:** 401 Ryland Street, Suite 200-A
**City, State & Zip:** Reno, NV 89502
**Agent:** (if applicable) Registered Agents, Inc.

**6.**
**Issue Service to:** Carol Jones
**Address of Service:** 3402 Clawson Road
**City, State & Zip:** Austin, TX 78704, or whenever she can be found.
**Agent:** (if applicable)

**7.**
**Issue Service to:** David Jones
**Address of Service:** 3402 Clawson Road
**City, State & Zip:** Austin, TX 78704, or whenever he can be found.
**Agent:** (if applicable)

5/17/2022 8:04 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-22-001610
Adrian Rodriguez

## CAUSE NO. D-1-GN-22-001610

| | | |
|---|---|---|
| NEIL HESLIN, ET AL<br>**PLAINTIFF** | § <br> § <br> § | |
| VS. | § <br> § | IN THE 200th District Court |
| ALEX E. JONES, ET AL<br>**DEFENDANT** | § <br> § <br> § <br> § <br> § <br> § | TRAVIS COUNTY, TX |

## RETURN OF SERVICE

**ON Thursday, May 12, 2022 AT 4:28 PM**
CITATION, PLAINTIFFS' ORIGINAL PETITION for service on FREE SPEECH SYSTEMS LLC C/O REGISTERED AGENT JOHN C CARSEY came to hand.

**ON Monday, May 16, 2022 AT 4:35 PM, I, Adriana Nicole Adam, PERSONALLY DELIVERED THE ABOVE-NAMED DOCUMENTS TO:** FREE SPEECH SYSTEMS LLC C/O REGISTERED AGENT JOHN C CARSEY, 1100 GUADALUPE STREET, AUSTIN, TRAVIS COUNTY, TX 78701.

My name is Adriana Nicole Adam. My address is 1201 Louisiana, Suite 370, Houston, TX 77002. I am a private process server certified by the Texas Judicial Branch Certification Commission (PSC 17714, expires 10/31/2023). My e-mail address is info@easy-serve.com. My date of birth is 3/30/1992. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in TRAVIS COUNTY, TX on Monday, May 16, 2022.

/S/ Adriana Nicole Adam

4169.0002

Doc ID: 296621_3

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-22-001610**

NEIL HESLIN; SCARLETT LEWIS; LEONARD POZNER; VERONIQUE DE LA ROSA;          , PLAINTIFF(S)
MARCEL FONTAINE

   vs.

ALEX E JONES; INFOWARS LLC; FREE SPEECH SYSTEMS LLC; PQPR HOLDINGS          , DEFENDANT(S)
LIMITED LLC; PLJR HOLDINGS, LLC; CAROL JONES; PQPR Holdings, LLC; AEJ
Holdings, LLC; AEJ Trust 2018; DAVID JONES; JLJR HOLDINGS LLC

TO:   **FREE SPEECH SYSTEMS LLC**
       **BY SERVING ITS REGISTERED AGENT JOHN C CARSEY**
       **1100 GUADALUPE STREET**
       **AUSTIN TX  78701**

Defendant, in the above styled and numbered cause:
**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer
with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty
days after you were served this citation and petition, a default judgment may be taken against you. In
addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other
parties of this suit. These disclosures generally must be made no later than 30 days after you file your
answer with the clerk. Find out more at TexasLawHelp.org."**

Attached is a copy of the **PLAINTIFF'S ORIGINAL PETITION** in the above styled and numbered cause, which was
filed on  **April 06, 2022** in the **200th District Court** of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, **May 12, 2022**

REQUESTED BY:
**MOSHENBERG, AVISHAY
1001 FANNIN STREET, SUITE 2700
HOUSTON, TX 77002
PHONE: (713) 337-5580
FAX: (713) 337-8850**

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX  78701

PREPARED BY: **Chloe Jimenez**

R E T U R N

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and executed at
_____ within the County of _____ on
the _____ day of _____, _____, at _____ o'clock ____M., by delivering to the within named
_____, each in person, a true copy of this citation
together with the **PLAINTIFFS  ORIGINAL PETITION** accompanying pleading, having first attached such copy of
such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Sheriff / Constable / Authorized Person

By:_____

_____
Printed Name of Server

_____
Notary Public, THE STATE OF TEXAS
   **D-1-GN-22-001610**

_____ County, Texas

**SERVICE FE NOT PAID**

5/17/2022 11:34 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-22-001610
Alexus Rodriguez

## CAUSE NO. D-1-GN-22-001610

| | | |
|---|---|---|
| NEIL HESLIN, ET AL<br>**PLAINTIFF** | §<br>§<br>§ | |
| VS. | §<br>§ | IN THE 200th District Court |
| ALEX E. JONES, ET AL<br>**DEFENDANT** | §<br>§<br>§<br>§<br>§<br>§ | TRAVIS COUNTY, TX |

### RETURN OF SERVICE

**ON Thursday, May 12, 2022 AT 4:29 PM**
CITATION, PLAINTIFFS' ORIGINAL PETITION for service on JLJR HOLDINGS LLC C/O REGISTERED AGENT: REGISTERED AGENTS, INC. came to hand.

**ON Monday, May 16, 2022 AT 2:25 PM, I, William Ryan Love, PERSONALLY DELIVERED THE ABOVE-NAMED DOCUMENTS TO:** JLJR HOLDINGS LLC C/O REGISTERED AGENT: REGISTERED AGENTS, INC., by delivering to ILLINA O., Authorized Representative, 401 RYLAND STREET #200-A, RENO, WASHOE COUNTY, NV 89502.

My name is William Ryan Love. My address is PO BOX 11293, RENO, NV 89510. My date of birth is 4/30/1990. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in WASHOE COUNTY, NV on Monday, May 16, 2022 AT 2:25 PM.

/S/ William Ryan Love

4169.0002

Doc ID: 296621_5

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-22-001610**

NEIL HESLIN; SCARLETT LEWIS; LEONARD POZNER; VERONIQUE DE LA ROSA;    , PLAINTIFF(S)
MARCEL FONTAINE
   vs.
ALEX E JONES; INFOWARS LLC; FREE SPEECH SYSTEMS LLC; PQPR HOLDINGS    , DEFENDANT(S)
LIMITED LLC; PLJR HOLDINGS, LLC; CAROL JONES; PQPR Holdings, LLC; AEJ
Holdings, LLC; AEJ Trust 2018; DAVID JONES; JLJR HOLDINGS LLC

TO:    **JLJR HOLDINGS LLC**
      **BY SERVING ITS REGISTERED AGENT: REGISTERED AGENTS, INC.**
      **401 RYLAND STREET #200-A**
      **RENO NV  89502**

Defendant, in the above styled and numbered cause:
**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."**

Attached is a copy of the **PLAINTIFFS ORIGINAL PETITION** in the above styled and numbered cause, which was filed on **April 06, 2022** in the **200th District Court** of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, **May 12, 2022**

REQUESTED BY:
**MOSHENBERG, AVISHAY**
**1001 FANNIN STREET, SUITE 2700**
**HOUSTON, TX 77002**
**PHONE: (713) 337-5580**
**FAX: (713) 337-8850**

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX  78701

PREPARED BY: **Chloe Jimenez**

R E T U R N

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and executed at

_____ within the County of _____ on

the _____ day of _____, _____, at _____ o'clock ____M., by delivering to the within named

_____, each in person, a true copy of this citation

together with the **PLAINTIFFS  ORIGINAL PETITION** accompanying pleading, having first attached such copy of

such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Sheriff / Constable / Authorized Person

By:_____

_____
Printed Name of Server

_____
Notary Public, THE STATE OF TEXAS
   **D-1-GN-22-001610**

_____ County, Texas

**SERVICE FEE NOT PAID**

5/17/2022 11:34 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-22-001610
Alexus Rodriguez

**CAUSE NO. D-1-GN-22-001610**

| | | |
|---|---|---|
| NEIL HESLIN, ET AL<br>**PLAINTIFF** | §<br>§<br>§ | |
| VS. | §<br>§ | IN THE 200th District Court |
| ALEX E. JONES, ET AL<br>**DEFENDANT** | §<br>§<br>§<br>§<br>§<br>§ | TRAVIS COUNTY, TX |

**RETURN OF SERVICE**

**ON Thursday, May 12, 2022 AT 4:29 PM**
CITATION, PLAINTIFFS' ORIGINAL PETITION for service on PLJR HOLDINGS, LLC C/O REGISTERED
AGENT REGISTERED AGENTS INC came to hand.

**ON Monday, May 16, 2022 AT 2:24 PM, I, William Ryan Love, PERSONALLY DELIVERED THE
ABOVE-NAMED DOCUMENTS TO:** PLJR HOLDINGS, LLC C/O REGISTERED AGENT REGISTERED
AGENTS INC, by delivering to ILLINA O. , Authorized Representative, 401 RYLAND STREET SUITE 200
-A, RENO, WASHOE COUNTY, NV 89502.

My name is William Ryan Love. My address is PO BOX 11293, RENO, NV 89510. My date of birth is
4/30/1990. I am in all ways competent to make this statement, and this statement is based on
personal knowledge. I am not a party to this case and have no interest in its outcome. I declare
under penalty of perjury that the foregoing is true and correct.

Executed in WASHOE COUNTY, NV on Monday, May 16, 2022 AT 2:24 PM.

/S/ William Ryan Love

4169.0002

Doc ID: 296621_6

CITATION

THE STATE OF TEXAS

**CAUSE NO. D-1-GN-22-001610**

NEIL HESLIN; SCARLETT LEWIS; LEONARD POZNER; VERONIQUE DE LA ROSA;
MARCEL FONTAINE                                                                                      , PLAINTIFF(S)
    vs.

ALEX E JONES; INFOWARS LLC; FREE SPEECH SYSTEMS LLC; PQPR HOLDINGS
LIMITED LLC; PLJR HOLDINGS, LLC; CAROL JONES; PQPR Holdings, LLC; AEJ                , DEFENDANT(S)
Holdings, LLC; AEJ Trust 2018; DAVID JONES; JLJR HOLDINGS LLC

TO:    **PLJR HOLDINGS, LLC**
       **BY SERVING ITS REGISTERED AGENT REGISTERED AGENTS INC**
       **401 RYLAND STREET SUITE 200-A**
       **RENO NV  89502**

Defendant, in the above styled and numbered cause:
**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer
with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty
days after you were served this citation and petition, a default judgment may be taken against you. In
addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other
parties of this suit. These disclosures generally must be made no later than 30 days after you file your
answer with the clerk. Find out more at TexasLawHelp.org."**

Attached is a copy of the **PLAINTIFFS ORIGINAL PETITION** in the above styled and numbered cause, which was
filed on **April 06, 2022** in the **200th District Court** of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, **May 12, 2022**

REQUESTED BY:
**MOSHENBERG, AVISHAY**
**1001 FANNIN STREET, SUITE 2700**
**HOUSTON, TX 77002**
**PHONE: (713) 337-5580**
**FAX: (713) 337-8850**

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX  78701

PREPARED BY: **Chloe Jimenez**

**R E T U R N**

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and executed at
_____ within the County of _____ on
the _____ day of _____, _____, at _____ o'clock ____M., by delivering to the within named
_____, each in person, a true copy of this citation
together with the **PLAINTIFFS  ORIGINAL PETITION** accompanying pleading, having first attached such copy of
such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Sheriff / Constable / Authorized Person

By:_____

_____
Printed Name of Server

_____          _____ County, Texas
Notary Public, THE STATE OF TEXAS
       **D-1-GN-22-001610**                              **SERVICE FEE NOT PAID**

5/17/2022 11:34 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-22-001610
Chloe Jimenez

## CAUSE NO. D-1-GN-22-001610

NEIL HESLIN, ET AL        §
**PLAINTIFF**         §
        §
VS.          §         IN THE 200th District Court
        §
ALEX E. JONES, ET AL      §         TRAVIS COUNTY, TX
**DEFENDANT**        §
        §
        §
        §
        §

### RETURN OF SERVICE

**ON Thursday, May 12, 2022 AT 4:31 PM**
CITATION, PLAINTIFFS' ORIGINAL PETITION for service on PQPR HOLDINGS LIMITED LLC C/O REGISTERED AGENT: REGISTERED AGENTS, INC. came to hand.

**ON Monday, May 16, 2022 AT 2:22 PM, I, William Ryan Love, PERSONALLY DELIVERED THE ABOVE-NAMED DOCUMENTS TO:** PQPR HOLDINGS LIMITED LLC C/O REGISTERED AGENT: REGISTERED AGENTS, INC., by delivering to ILLINA O., Authorized Representative, 401 RYLAND STREET #200-A, RENO, WASHOE COUNTY, NV 89502.

My name is William Ryan Love. My address is PO BOX 11293, RENO, NV 89510. My date of birth is 4/30/1990. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in WASHOE COUNTY, NV on Monday, May 16, 2022 AT 2:22 PM.

/S/ William Ryan Love

4169.0002

Doc ID: 296621_7

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-22-001610**

NEIL HESLIN; SCARLETT LEWIS; LEONARD POZNER; VERONIQUE DE LA ROSA;
MARCEL FONTAINE                                                                                          , PLAINTIFF(S)
  vs.

ALEX E JONES; INFOWARS LLC; FREE SPEECH SYSTEMS LLC; PQPR HOLDINGS
LIMITED LLC; PLJR HOLDINGS, LLC; CAROL JONES; PQPR Holdings, LLC; AEJ        , DEFENDANT(S)
Holdings, LLC; AEJ Trust 2018; DAVID JONES; JLJR HOLDINGS LLC

TO:   **PQPR HOLDINGS LIMITED LLC**
      **BY SERVINGITS REGISTERED AGENT: REGISTERED AGENTS, INC.**
      **401 RYLAND STREET #200-A**
      **RENO NV  89502**

Defendant, in the above styled and numbered cause:
**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."**

Attached is a copy of the **PLAINTIFFS ORIGINAL PETITION** in the above styled and numbered cause, which was filed on **April 06, 2022** in the **200th District Court** of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, **May 12, 2022**

REQUESTED BY:
**MOSHENBERG, AVISHAY**
**1001 FANNIN STREET, SUITE 2700**
**HOUSTON, TX 77002**
**PHONE: (713) 337-5580**
**FAX: (713) 337-8850**

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX  78701

PREPARED BY: **Chloe Jimenez**

**R E T U R N**

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and executed at
_____ within the County of _____ on
the _____ day of _____, _____, at _____ o'clock ____M., by delivering to the within named
_____, each in person, a true copy of this citation
together with the **PLAINTIFFS  ORIGINAL PETITION** accompanying pleading, having first attached such copy of
such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Sheriff / Constable / Authorized Person

By:_____

_____
Printed Name of Server

_____        _____ County, Texas
Notary Public, THE STATE OF TEXAS
     **D-1-GN-22-001610**               **SERVICE FEE NOT PAID**

5/18/2022 7:01 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-22-001610
Alexus Rodriguez

CAUSE NO. D-1-GN-22-001610

| | | |
|---|---|---|
| NEIL HESLIN, SCARLETT LEWIS, | § | IN THE DISTRICT COURT |
| LEONARD POZNER, VERONIQUE | § | |
| DE LA ROSA, MARCEL FONTAINE, | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | |
| | § | |
| ALEX E. JONES, INFOWARS, LLC, | § | TRAVIS COUNTY, TEXAS |
| FREE SPEECH SYSTEMS, LLC, | § | |
| PQPR HOLDINGS LIMITED LLC, | § | |
| JLJR HOLDINGS, LLC, PLJR | § | |
| HOLDINGS, LLC, CAROL JONES, | § | |
| DAVID JONES, PQPR HOLDINGS, | § | |
| LLC, JLJR HOLDINGS LIMITED, | § | |
| LLC, AEJ HOLDINGS, LLC, AEJ | § | |
| TRUST 2018, | § | |
| | § | |
| **Defendants.** | § | 200th DISTRICT COURT |

## <u>NOTICE OF NONSUIT WITH PREJUDICE</u>

Plaintiffs Neil Heslin, Scarlett Lewis, Leondard Pozner, Veronique De La Rosa, and Marcel Fontaine hereby give notice to the Court and all parties that Plaintiffs no longer desire to prosecute their claims against Defendant InfoWars, LLC (now InfoW, LLC). As such, Plaintiff hereby nonsuits all claims asserted in this case against Defendant InfoW, LLC with prejudice. This nonsuit applies to Defendant InfoW, LLC only as Plaintiffs continue to assert their claims against the remaining Defendants.

Dated: May 18, 2022

Respectfully submitted

**MCDOWELL HETHERINGTON LLP**
By: */s/ Avi Moshenberg*
Avi Moshenberg
Texas Bar No. 24083532
Nick Lawson
State Bar No. 24083367
Matthew Caldwell
State Bar No. 24107722
1001 Fannin Street, Suite 2700
Houston, TX 77002
Phone: (713) 337-5580
Fax: (713) 337-8850
Email: avi.moshenberg@mhllp.com
Email: nick.lawson@mhllp.com
Email: matthew.caldwell@mhllp.com

**KASTER LYNCH FARRAR & BALL, LLP**
By: */s/ Mark D. Bankston*
Mark D. Bankston
State Bar No. 24071066
William R. Ogden
State Bar No. 24073531
1117 Herkimer
Houston, Texas 77008
(713) 221-8300 Telephone
(713) 221-8301 Fax
Email: mark@fbtrial.com
Email: bill@fbtrial.com

**THE AKERS FIRM PLLC**
By: */s/ Cordt Akers*
Cordt Akers
State Bar No. 24080122
3401 Allen Parkway, Suite 101
Houston, TX 77019
Phone: (713) 877-2500
Fax: (713) 583-8662
Email: cca@akersfirm.com
**ATTORNEYS FOR PLAINTIFFS**

### CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2022, the forgoing document was served upon all counsel of record via electronic service.

*/s/ Avi Moshenberg*

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Patricia Flores on behalf of Avishay Moshenberg
Bar No. 24083532
patricia.flores@mhllp.com
Envelope ID: 64645557
Status as of 5/19/2022 9:56 AM CST

Associated Case Party: NEIL HESLIN

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Nicholas Lawson | | nick.lawson@mhllp.com | 5/18/2022 7:01:25 PM | SENT |
| Avishay Moshenberg | | avi.moshenberg@mhllp.com | 5/18/2022 7:01:25 PM | SENT |
| Matthew Caldwell | | matthew.caldwell@mhllp.com | 5/18/2022 7:01:25 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Mark Bankston | 24071066 | mark@fbtrial.com | 5/18/2022 7:01:25 PM | SENT |
| Cordt Akers | 24080122 | cca@akersfirm.com | 5/18/2022 7:01:25 PM | SENT |

6/3/2022 4:55 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-22-001610
Gilberto Diaz-Rios

## CAUSE NO. D-1-GN-22-001610

| | | |
|---|---|---|
| NEIL HESLIN, SCARLETT LEWIS, LEONARD POZNER, VERONIQUE DE LA ROSA, MARCEL VONTAIN, | § § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | |
| v. | § § | |
| ALEX E. JONES, INFO WARS, LLC, FREE SPEECH SYSTEMS, LLC, PQPR HOLDINGS LIMITED LLC, JLJR HOLDINGS, LLC, PLJR HOLDINGS, LLC, CAROL JONES, DAVID JONES, PQPR HOLDINGS, LLC, JLJR HOLDINGS LIMITED, LLC, AEJ HOLDINGS, LLC, AEJ TRUST 2018 | § § § | 200TH JUDICIAL DISTRICT |
| Defendants. | | TRAVIS COUNTY, TEXAS |

### PQPR HOLDINGS LIMITED LLC'S, JLJR HOLDINGS, LLC'S AND PLJR HOLDINGS, LLC'S ORIGINAL ANSWER

Defendants PQPR Holdings Limited LLC, JLJR Holdings, LLC, and PLJR Holdings, LLC (collectively, "Defendants") files this Original Answer to Plaintiffs' Original Petition, and Defendants respectfully show the Court as follows:

as follows:

## I.   GENERAL DENIAL

1.      As is their right pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny each and every allegation of the Petition and demand strict proof thereof.

## II.   **RIGHT TO AMEND**

2.     Defendants reserve the right to amend their answer in accordance with the Texas Rules of Civil Procedure.

## III.   **PRAYER**

3.     Defendants pray that Plaintiff be denied all relief requested in the Petition, that Plaintiff takes nothing in this action, and that the Court award Defendants their attorneys' fees and costs together with such other and further relief to which they may be justly entitled.

Respectfully submitted,

By:   /s/ *Stephen W. Lemmon*
　　　Stephen W. Lemmon
　　　Texas Bar No. 12194500
　　　STREUSAND, LANDON, OZBURN & LEMMON, LLP
　　　1801 S. Mopac Expressway, Ste. 320
　　　Austin, Texas 78746
　　　Telephone:  (512) 236-9900
　　　Facsimile:   (512) 236-9904
　　　lemmon@slollp.com

　　　**ATTORNEYS FOR DEFENDANTS**
　　　**PQPR HOLDINGS LIMITED LLC, JLJR**
　　　**HOLDINGS, LLC, AND PLJR HOLDINGS, LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and complete copy of the foregoing instrument has been served on this 3RD day of June 2022, served via this Court's CM/ECF notification system to those parties registered for service upon filing of the same, including the following:

Mark D. Bankston
Kaster Lynch Farrar & Ball, LLP
1117 Herkimer
Houston, TX 77008
mark@fbtrial.com

Cordt Akers
The Akers Firm PLLC
3401 Allen Parkway, Suite 101
Houston, TX 77019
cca@akersfirm.com

Nick Lawson
McDowell Hetherington
1001 Fannin Street, Suite 2700
Houston, TX 77002
Nick.lawson@mhllp.com

/s/ Stephen W. Lemmon
Stephen W. Lemmon

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kelli Rangel on behalf of Stephen Lemmon
Bar No. 12194500
rangel@slollp.com
Envelope ID: 65127020
Status as of 6/8/2022 9:38 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Mark Bankston | 24071066 | mark@fbtrial.com | 6/3/2022 4:55:06 PM | SENT |
| Cordt Akers | 24080122 | cca@akersfirm.com | 6/3/2022 4:55:06 PM | SENT |

Associated Case Party: NEIL HESLIN

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Nicholas Lawson | | nick.lawson@mhllp.com | 6/3/2022 4:55:06 PM | SENT |
| Avishay Moshenberg | | avi.moshenberg@mhllp.com | 6/3/2022 4:55:06 PM | SENT |
| Matthew Caldwell | | matthew.caldwell@mhllp.com | 6/3/2022 4:55:06 PM | SENT |

Associated Case Party: PQPR HOLDINGS LIMITED LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Stephen Lemmon | | lemmon@slollp.com | 6/3/2022 4:55:06 PM | SENT |

Associated Case Party: PLJR HOLDINGS, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Stephen Lemmon | | lemmon@slollp.com | 6/3/2022 4:55:06 PM | SENT |

Associated Case Party: JLJR HOLDINGS LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Stephen Lemmon | | lemmon@slollp.com | 6/3/2022 4:55:06 PM | SENT |

6/6/2022 2:36 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-22-001610
Gilberto Diaz-Rios

CAUSE NO. D-1-GN-22-001610

| | | |
|---|---|---|
| NEIL HESLIN, SCARLETT LEWIS, LEONARD POZN-ER, VERONIQUE DE LA ROSA, MARCEL FONTAINE | § § § § § § § | IN THE DISTRICT COURT |
| Plaintiffs | § | |
| V. | § § | TRAVIS COUNTY, TEXAS |
| ALEX E. JONES, INFOWARS, LLC, FREE SPEECH SYS-TEMS, LLC, PQPR HOLD-INGS, LLC, PLJR HOLD-INGS, LLC, JLJR HOLDINGS LIMITES, LLC, AEJ HOLD-INGS, LLC, AEJ TRUST 2018, | § § § § § § § § | |
| Defendants. | § | 200TH JUDICIAL DISTRICT |

**DEFENDANTS' ORIGINAL ANSWER**

Defendants, ALEX E. JONES, LLC, FREE SPEECH SYSTEMS, LLC, AEJ HOLDINGS, LLC, and AEJ TRUST 2018, file this their Original Answer to Plaintiffs, NEIL HESLIN, SCARLETT LEWIS, LEONARD POZNER, VERONIQUE DE LA ROSA, and MARCEL FONTAINE's Original Petition.

The last three digits of defendant Alex Jones' social security number are 989. The last three digits of defendant Free Speech Systems LLC's EIN are 005. The last three digits of defendant AEJ Holdings LLC's EIN are 167.

The last three digits of the AEJ Trust 2018's EIN are 490.

## I.   GENERAL DENIAL

1.    Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants deny each and every allegation contained in Plaintiffs' Petition, and demand strict proof thereof.

## II.   CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendants pray that Plaintiffs, NEIL HESLIN, SCARLETT LEWIS, LEONARD POZNER, VERONIQUE DE LA ROSA, and MARCEL FONTAINE, take nothing by this suit and that this action be dismissed. Defendants further pray that Defendants be awarded their attorneys' fees, costs, and pre-judgment and post-judgment interest, and such other and further relief, at law or in equity, to which they may be justly entitled.

Respectfully submitted,

/s/ F. Andino Reynal
SBN: 24060482
**The Reynal Law Firm, LLP**
917 Franklin Street, Suite 600
Houston, Texas 77002
Tel:  713.228.5900
Fax: 713.820.6981
areynal@frlaw.us

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing document has been served pursuant to Rule 21 of the Texas Rules of Civil Procedure through the electronic filing system on the 6th day of June, 2022:

<u>/s/ F. Andino Reynal</u>

F. Andino Reynal

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Tish Swearington on behalf of F. Reynal
Bar No. 24060482
tish@frlaw.us
Envelope ID: 65162126
Status as of 6/8/2022 5:08 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Mark Bankston | 24071066 | mark@fbtrial.com | 6/6/2022 2:36:45 PM | SENT |
| Cordt Akers | 24080122 | cca@akersfirm.com | 6/6/2022 2:36:45 PM | SENT |
| Federico Reynal | 24060482 | areynal@frlaw.us | 6/6/2022 2:36:45 PM | SENT |

Associated Case Party: NEIL HESLIN

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Nicholas Lawson | | nick.lawson@mhllp.com | 6/6/2022 2:36:45 PM | SENT |
| Avishay Moshenberg | | avi.moshenberg@mhllp.com | 6/6/2022 2:36:45 PM | SENT |
| Matthew Caldwell | | matthew.caldwell@mhllp.com | 6/6/2022 2:36:45 PM | SENT |

Associated Case Party: PQPR HOLDINGS LIMITED LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Stephen Lemmon | | lemmon@slollp.com | 6/6/2022 2:36:45 PM | SENT |

Associated Case Party: PLJR HOLDINGS, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Stephen Lemmon | | lemmon@slollp.com | 6/6/2022 2:36:45 PM | SENT |

Associated Case Party: JLJR HOLDINGS LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Stephen Lemmon | | lemmon@slollp.com | 6/6/2022 2:36:45 PM | SENT |



**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: June 07, 2022**

MICHAEL M. PARKER
UNITED STATES BANKRUPTCY JUDGE

Filed in The District Court
of Travis County, Texas

JUN 13 2022

At_____ 4 _____ p os

Velva L. Price. District Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE PENDING IN |
| | § | U.S. BANKRUPTCY COURT FOR THE |
| | § | SOUTHERN DISTRICT OF TEXAS |
| INFOW, LLC, *ET AL.*, | § | CASE NO. 22-60020 |
| | § | |
| DEBTORS. | § | CHAPTER 7 |
| | § | |
| | § | |
| NEIL HESLIN, SCARLETT LEWIS, | § | |
| LEONARD POZNER, VERONIQUE DE LA ROSA | § | |
| & MARCEL FONTAINE | § | |
| | § | |
| PLAINTIFFS, | § | |
| | § | |
| V. | § | ADVERSARY NO. 22-06004-MMP |
| | § | |
| INFOW, LLC, ALEX E. JONES & | § | |
| FREE SPEECH SYSTEMS, LLC, | § | |
| | § | |
| DEFENDANTS. | § | |

ORDER GRANTING MOTION

A true copy of the original, I certify
BARRY D. KNIGHT
CLERK, U.S. BANKRUPTCY COURT
BY: _____ DEPUTY CLERK




On this day came on to be considered *Plaintiffs' Motion for Abstention and Remand* (ECF No. 2) (the "Motion for Remand"). Defendant InfoW, LLC, in *InfoW, LLC's Motion to Strike Removal and Allow Remand* (ECF No. 5), has indicated that it is unopposed to the Plaintiffs' request to remand this suit, and the Court has received no other timely responses to the Motion for Remand pursuant to Local Rule 7007(b)(2). Further, the Court notes that the debtors, the United States trustee, and the subchapter V trustee in the underlying chapter 11 case in the U.S. Bankruptcy Court for the Southern District of Texas have filed a *Stipulation and Agreed Order Dismissing Debtors' Chapter 11 Cases*[1] indicating that the aforementioned parties have agreed to the dismissal of the debtors' chapter 11 cases. For these reasons, the Court is of the opinion that the Motion for Remand should be granted.

It is, therefore, **ORDERED** that the Motion for Remand is hereby **GRANTED**.

It is further **ORDERED** that the above-captioned adversary proceeding is hereby **REMANDED** to the 200th District Court, Travis County, Texas, for adjudication and disposition.

It is further **ORDERED** that the Clerk of Court may close this adversary proceeding.

# # #

---

[1] *See* Stipulation and Agreed Order Dismissing Debtors' Chapter 11 Cases, In re InfoW, LLC, No. 22-60020 (Bankr. S.D. Tex. June 1, 2022), ECF No. 110.

6/17/2022 4:20 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-22-001610
Adrian Rodriguez

CAUSE NO. D-1-GN-22-001610

| | | |
|---|---|---|
| NEIL HESLIN, SCARLETT LEWIS, LEONARD POZNER, VERONIQUE DE LA ROSA, MARCEL FONTAINE, Plaintiffs | § § § § § | IN THE DISTRICT COURT |
| v. | § § § | |
| ALEX E. JONES, INFOWARS, LLC, FREE SPEECH SYSTEMS, LLC, PQPR HOLDINGS LIMITED LLC, JLJR HOLDINGS, LLC, PLJR HOLDINGS, LLC, CAROL JONES, DAVID JONES, PQPR HOLDINGS, LLC, JLJR HOLDINGS LIMITED, LLC, AEJ HOLDINGS, LLC, AEJ TRUST 2018, | § § § § § § § § § § § | TRAVIS COUNTY, TEXAS |
| Defendants _____ | § § | 200th DISTRICT COURT |
| DAVID WHEELER, FRANCINE WHEELER, JACQUELINE BARDEN, MARK BARDEN, NICOLE HOCKLEY, IAN HOCKLEY, JENNIFER HENSEL, DONNA SOTO, CARLEE SOTO-PARISI, CARLOS M. SOTO, JILLIAN SOTO, WILLIAM SHERLACH, ROBERT PARKER, WILLIAM ALDENBERG, Intervenors | § § § § § § § § § § | |
| v. | § § | |
| ALEX E. JONES, INFOWARS, LLC, FREE SPEECH SYSTEMS, LLC, PQPR HOLDINGS LIMITED LLC, JLJR HOLDINGS, LLC, PLJR HOLDINGS, LLC, CAROL JONES, DAVID JONES, PQPR HOLDINGS, LLC, JLJR HOLDINGS LIMITED, LLC, AEJ HOLDINGS, LLC, AEJ TRUST 2018, Defendants | § § § § § § § § § § § | |

1

## ORIGINAL PETITION IN INTERVENTION

### INTRODUCTION

After Alex Jones was sued for claiming the shooting of twenty-six children and educators at Sandy Hook Elementary School was a hoax, Jones diverted his assets to shell companies owned by insiders like his parents, his children, and himself. Jones stashed away millions of dollars from his fortune in this manner. The Texas Uniform Fraudulent Transfer Act prohibits defendants from playing shell games to shield assets from their creditors. And it allows creditors like these families to void such fraudulent transfers. The families of five children and two educators and one first responder to the shooting, all of whom brought suit against Jones in Connecticut, now join other Sandy Hook families who brought suit against Jones in Texas in asserting TUFTA claims against Jones and his insiders.

### PARTIES

Intervenors

1.      Intervenors David Wheeler and Francine Wheeler are the parents of first-grader Benjamin Wheeler. Benjamin was killed in the Sandy Hook Elementary School shooting on December 14, 2012. They reside in Connecticut.

2.      Intervenors Jacqueline Barden and Mark Barden are the parents of first-grader Daniel Barden. Daniel was killed in the Sandy Hook Elementary School shooting on December 14, 2012. They reside in Connecticut.

3.      Intervenors Nicole Hockley and Ian Hockley are the parents of first-grader Dylan Hockley. Dylan was killed in the Sandy Hook Elementary School shooting on December 14, 2012. They reside in Connecticut.

4.      Intervenor Jennifer Hensel is the parent of first-grader Avielle Richman. Avielle was killed in the Sandy Hook Elementary School shooting on December 14, 2012. Ms. Hensel resides in Connecticut.

5.      Intervenor Donna Soto is the mother, and plaintiffs Carlee Soto-Parisi, Carlos M. Soto, and Jillian Soto are the siblings, of first-grade teacher Victoria Leigh Soto. Vicki was killed in the Sandy Hook Elementary School shooting on December 14, 2012. They reside in Connecticut.

6.      Intervenor William Sherlach was the spouse of Mary Sherlach, the school psychologist. Mary was killed in the Sandy Hook Elementary School shooting on December 14, 2012. Mr. Sherlach resides in Connecticut.

7.      Intervenor Robert Parker is the father of first-grader Emilie Parker. Emilie was killed in the Sandy Hook Elementary School shooting on December 14, 2012. He resides in Washington state.

8.      Intervenor William Aldenberg was a first responder to Sandy Hook Elementary School on December 14, 2012. He resides in Massachusetts.

9.      This Petition in Intervention will refer to these seven families and one first responder as the "Intervenors" or the "Connecticut Intervenors."

The Jones Defendants

10.      Defendant Alex E. Jones is a resident of Austin, Texas. He hosts radio and web-based news programming, including "The Alex Jones Show," and he owns Free Speech Systems, LLC, which operates the website infowars.com. Jones has filed an

answer and made an appearance in this lawsuit may be served with this Petition in Intervention pursuant to Texas Rules of Civil Procedure 21 and 21a.

11.     Defendant Free Speech Systems, LLC is a Texas limited-liability company with principal offices located in Austin, Texas. Free Speech Systems, LLC has filed an answer and made an appearance in this lawsuit and may be served with this Petition in Intervention pursuant to Texas Rules of Civil Procedure 21 and 21a.

12.     This Petition in Intervention will refer to Alex Jones and Free Speech Systems, LLC as the "Jones Defendants."

13.     At all times relevant to this Petition in Intervention, these Jones Defendants operated as a joint venture, joint enterprise, single-business enterprise, or alter ego.

The Jones Transferees

14.     Defendant PQPR Holdings Limited LLC is a Nevada limited-liability company. PQPR Holdings Limited LLC has filed an answer and made an appearance in this lawsuit and may be served with this Petition in Intervention pursuant to Texas Rules of Civil Procedure 21 and 21a.

15.     Defendant JLJR Holdings, LLC is a Nevada limited-liability company. It directly and indirectly owns, operates, and receives income from PQPR Holdings Limited LLC. JLJR Holdings, LLC has filed an answer and made an appearance in this lawsuit and may be served with this Petition in Intervention pursuant to Texas Rules of Civil Procedure 21 and 21a.

16.     Defendant PLJR Holdings, LLC is a Nevada limited-liability company. It directly and indirectly owns, operates, and receives income from PQPR Holdings Limited LLC. PLJR Holdings, LLC has filed an answer and made an appearance in this

lawsuit and may be served with this Petition in Intervention pursuant to Texas Rules of Civil Procedure 21 and 21a.

17.     Defendant Carol Jones is a resident of Austin, Texas. She is Alex Jones's mother and directly and indirectly owns, operates, and receives income from PQPR Holdings Limited LLC. She can be served personally at 3402 Clawson Road, Austin, Texas 78704 or wherever she can be found.

18.     Defendant David Jones is a resident of Austin, Texas. He is Alex Jones's father and directly and indirectly owns, operates, and receives income from PQPR Holdings Limited LLC. He can be served personally at 3402 Clawson Road, Austin, Texas 78704 or wherever he can be found.

19.     Defendant PQPR Holdings, LLC is an entity that has been previously identified by the Jones Defendants as a party to transfers or obligations that Intervenors contend are fraudulent. To date, Intervenors have found no entity by this name and no registered agent to receive service. They will amend this pleading accordingly when a registered agent has been ascertained.

20.     Defendant JLJR Holdings Limited, LLC is an entity listed as a member of PQPR Holdings Limited, LLC and PLJR Holdings, LLC. To date, Intervenors have found no entity by this name and no registered agent to receive service. They will amend this pleading accordingly when a registered agent has been ascertained.

21.     Defendant AEJ Holdings, LLC is an entity that has been identified previously by the Jones Defendants as a party to transfers or obligations that Intervenors contend are fraudulent. AEJ Holdings, LLC has filed an answer and made an appearance in this lawsuit and may be served with this Petition in Intervention pursuant to Texas Rules of Civil Procedure 21 and 21a.

22.     Defendant AEJ Trust 2018 is an entity that has been identified previously by the Jones Defendants as a party to transfers or obligations that Intervenors contend are fraudulent. AEJ Trust 2018 has filed an answer and made an appearance in this lawsuit and may be served with this Petition in Intervention pursuant to Texas Rules of Civil Procedure 21 and 21a.

23.     This Petition in Intervention will refer to PQPR Holdings Limited LLC; JLJR Holdings, LLC; PLJR Holdings, LLC; Carol Jones; David Jones; PQPR Holdings, LLC; JLJR Holdings Limited, LLC; AEJ Holdings, LLC; and AEJ Trust 2018 as the "Jones Transferees."

24.     At all times relevant to this Petition in Intervention, the Jones Transferees and Defendant Alex Jones operated as a joint venture, joint enterprise, single-business enterprise, or alter ego.

## DISCOVERY-CONTROL PLAN

25.     Discovery should be conducted under Level 3 case of the Texas Rules of Civil Procedure.[1] Intervenors seek monetary relief over $1,000,000.[2]

## JURISDICTION AND VENUE

26.     The amount in controversy exceeds the Court's minimum jurisdictional requirements.

---

[1] *See* Tex. R. Civ. P. 190.

[2] *See* Tex. R. Civ. P. 47. Plaintiffs may also seek injunctive relief, in which case they may request expedited discovery.  *See* Tex. R. Civ. P. 680.

27.     Venue is proper in Travis County because that's where certain Defendants resided when the cause of action accrued and because all or a substantial part of the events or omissions giving rise to the claims occurred in Travis County.[3]

BACKGROUND

28.     Alex Jones, through his media company Free Speech Systems dba InfoWars, became a national figure by pushing conspiracy theories designed to go viral. Jones branded himself by claiming the Oklahoma City bombing was a government-sponsored hoax; the 9/11 attacks were a government-sponsored hoax, and so on. Leveraging his "news" content, Jones made millions by marketing and selling survivalist gear, herbal supplements, and various other products at a huge mark-up. The sale of these types of products on the InfoWars website and elsewhere enabled the Jones Defendants to earn a fortune.

The Connecticut Intervenors sue the Jones Defendants

29.     In 2018, the Connecticut Intervenors sued the Jones Defendants for false light, defamation, intentional infliction of emotional distress, and violation of the Connecticut Unfair Trade Practices Act, based on lies Alex Jones and Free Speech Systems, LLC spread through Infowars.com, through social media re-broadcasts of his publications, and through radio re-broadcasts of his publications (the "Connecticut Cases").[4]   The Intervenors allege, and have finally and conclusively

---

[3] *See* Tex. Civ. Prac. & Rem. Code § 15.002.

[4] These consolidated actions, now pending in the Connecticut Judicial District of Waterbury are: *Lafferty, Erica, et al. v. Jones, Alex Emric, et al.*, No. UWY-CV-18-0604636-S; *Sherlach, William v. Jones, Alex Emric, et al.*, No. UWY-cv-18-064637-S; and *Sherlach, et al. v. Jones, Alex Emric, et al.*, No. UWY-CV-18-064638-S.

7

established,[5] that Alex Jones spread lies about them to an audience of millions over a period of approximately five years.

30.     In June 2019, the Connecticut Superior Court sanctioned Alex Jones and Free Speech Systems, LLC for prolonged discovery abuses. The Connecticut Supreme Court granted interlocutory review of the sanctions ruling and affirmed in all respects. *Lafferty v. Jones*, 336 Conn. 332 (2020), *cert denied*, 141 S. Ct. 2467 (2021). Despite the June 2019 sanction, the Jones Defendants continued to abuse the judicial process. In November 2021, the Connecticut Superior Court entered a disciplinary default against the Jones Defendants. Even following the default sanction, the Jones Defendants continued to abuse the judicial process. In March 2022, Jones refused to attend his court-ordered deposition, resulting in a contempt finding.

31.     After cases were filed in Texas by other Sandy Hook families whom Jones had defamed (the "Texas Cases"), and by the Connecticut Intervenors, the Jones Defendants started diverting their assets. From 2018 to 2021, for example, Alex Jones personally drew about $18 million from this active company, Free Speech Systems LLC. These draws were in addition to his yearly salary, which exceeded $600,000, and taken while Free Speech Systems operated at a net loss in the millions each of those years.

32.     Jones apparently drew this $18 million while his company, Free Speech Systems, was insolvent. On November 18, 2020, a company named PQPR filed a UCC Financing Statement claiming a security interest in essentially everything Free Speech Systems owns. The claimed security interest covers an alleged $54 million debt Free Speech Systems owes to PQPR. The supposed debt allegedly began accruing years earlier

---

[5] The Connecticut Superior Court entered a disciplinary default against Alex Jones and Free Speech Systems, LLC on November 15, 2021 (DN 574). As a result of that default, all of the Connecticut Intervenors' allegations are established as true, and Jones and Free Speech Systems, LLC have no further right to challenge them in the trial court.

as part of an arrangement where Free Speech Systems sells PQPR's products on the InfoWars website. Under this claimed arrangement, PQPR was to be reimbursed for the costs of the products and receive 70% of the sales revenue while Free Speech Systems retained the other 30%. In practice, however, Free Speech Systems supposedly kept 100% of the revenue for about seven years and did not pay for the goods PQPR provided—to the point where a $54 million debt had accumulated. All the while, PQPR not only supplied Free Speech Systems with more products to sell but also paid Free Speech Systems millions of dollars a year to advertise on the InfoWars website. PQPR still supplies the Jones Defendants with products to sell and pays for advertising on the website.

33.      So why would an independent business like PQPR continue to engage in such questionable transactions?

34.      Because PQPR is not actually an independent business. On paper, it's obviously an insider of the Jones Defendants. It is owned and operated directly or indirectly by Jones, his parents, and his children through an alphabet soup of shell entities like JLJR Holdings Limited LLC; JLJR Holdings, LLC; PLJR Holdings, LLC; PQPR Holdings, LLC; AEJ Holdings, LLC; and AEJ Trust 2018. In actuality, it is simply an alter ego of Alex Jones. And any income PQPR receives—including from sources like the Jones Defendants—goes to Alex Jones and these Jones Transferees.

35.      After the Texas and Connecticut Cases began, the Jones Defendants started transferring large sums of money to the Jones Transferees. In the summer of 2021, as defaults were entered in Texas and a default in Connecticut appeared imminent, Free Speech Systems was transferring between $11,000 per day and $11,000 per week plus 60–80% of Free Speech Systems' sales revenue to PQPR. Free Speech Systems claims these payments are part of a "financial disentanglement between the two companies[.]"

In reality, they are transfers designed to siphon off the Jones Defendants' assets to make them judgment-proof.

36.     This fact is only confirmed by the jaw-dropping amount in transfers the Jones Defendants made while the Texas Cases and Connecticut Cases have been pending. In 2021 alone, the Jones Defendants transferred tens of millions more than it cost to operate that year out of Free Speech Systems, LLC.

CAUSES OF ACTION

37.     The Connecticut Intervenors assert fraudulent transfer claims under the Texas Uniform Fraudulent Transfer Act to void transfers between the Jones Defendants and the Jones Transferees. Texas enacted TUFTA to prevent debtors from prejudicing creditors by improperly moving assets beyond their reach.[6] Through TUFTA's statutory scheme, creditors may seek recourse for fraudulent transfers of assets or property.[7] The Connecticut Intervenors are creditors entitled to recourse under TUFTA because the Jones Defendants engaged in fraudulent transfers and conspired to commit fraudulent transfers.[8]

Count 1—Fraudulent Transfer with actual intent to hinder, delay, or defraud under § 24.005(a)(1)

38.     The Connecticut Intervenors reallege and incorporate by reference the prior facts alleged in this pleading.

---

[6] *Janvey v. Golf Channel, Inc.*, 487 S.W.3d 560, 566 (Tex. 2016).

[7] *Sargeant v. Al Saleh*, 512 S.W.3d 399, 411–12 (Tex. App.—Corpus Christi-Edinburg 2016, no pet.) (citing cases).

[8] *See* Tex. Bus. & Com. Code § 24.002 (defining "creditor" as a person who has a "claim" and "claim" as a right to payment including whether or not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, or undisputed); *see also Bank of Am., N.A. v. Fulcrum Enterprises, LLC*, 20 F. Supp. 3d 594, 601 (S.D. Tex. 2014) (explaining that a person my bring a TUFTA action as a creditor of the transferor by virtue of a legal action, pending and unliquidated at the time of transfer).

39.     The Jones Defendants are liable for engaging in fraudulent transfers as to present and future creditors under § 24.005(a)(1).[9] A transfer made or obligation incurred by a debtor is fraudulent as to a creditor under this section if the debtor made the transfer or incurred the obligation with the actual intent to hinder, delay, or defraud any creditor of the debtor.[10] Such transfers or obligations are fraudulent whether the creditor's claim arose before or within a reasonable time after the transfers were made or obligations incurred.[11]

40.     The Jones Defendants engaged in fraudulent transfers under this standard. During the Connecticut Cases—while the Connecticut Intervenors were creditors—the Jones Defendants transferred millions of dollars from Free Speech Systems for reasons unrelated to Free Speech Systems' business operations. In 2021 alone, they transferred from Free Speech Systems tens of millions more than it cost to operate that year.

41.     Transfers by the Jones Defendants while the Connecticut Cases were pending also include payments to insiders, like Alex Jones himself. From 2018 to 2021, for example, Jones apparently drew $18 million from Free Speech Systems, even though it was insolvent and operating at a net loss each of those years. These draws were in addition to (and about 30 times greater than) Jones's yearly salary.

42.     And since the Connecticut Cases began, the Jones Defendants also transferred large sums to other insiders, like the Jones Transferees. These sums include money the Jones Defendants started regularly transferring from Free Speech Systems to

---

[9] Tex. Bus. & Com. Code § 24.005(a)(1) ("(a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or within a reasonable time after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation: (1) with actual intent to hinder, delay, or defraud any creditor of the debtor;").

[10] *Id.*

[11] *Id.*

insider PQPR. Specifically, PQPR started receiving as much as $11,000 per day plus 60–80% of Free Speech Systems' sales revenue. These payments are allegedly to pay just the interest on the fake $54 million obligation to PQPR, which the Jones Defendants decided that Free Speech incurred just after it became clear that the Connecticut cases would proceed to trial. [12] All the while the Jones Defendants retained possession and control of these money transfers and obligations, as the money PQPR receives from Free Speech Systems goes directly and indirectly to insiders like Alex Jones, his parents, and his children through some or more of the shell entities named as the Jones Transferees.

43.     These transfers and obligations that the Jones Defendants made and incurred were done with the actual intent to hinder, delay, or defraud their creditors—including the Connecticut Intervenors. That truth becomes especially glaring considering the badges of fraud surrounding these transfers and obligations.[13] Those badges include, for example, that the transfers and obligations were made to insiders who retained possession and control over the property; the transfers and obligations were concealed and made while the Texas Cases and Connecticut Cases were pending and while the Jones Defendants were insolvent; and that past and future transfers to PQPR will eliminate substantially all of the Jones Defendants' assets—as these essential assets paid to insider

---

[12] Less than a month after the Superior Court in Connecticut green-lighted the Connecticut cases to proceed when it denied a stay of the action, PQPR first filed a UCC Financing Statement claiming a security interest in Free Speech Systems, LLC's assets.

[13] Tex. Bus. & Com. Code § 24.005(b) ("(b) In determining actual intent under Subsection (a)(1) of this section, consideration may be given, among other factors, to whether: (1) the transfer or obligation was to an insider; (2) the debtor retained possession or control of the property transferred after the transfer; (3) the transfer or obligation was concealed; (4) before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit; (5) the transfer was of substantially all the debtor's assets; (6) the debtor absconded; (7) the debtor removed or concealed assets; (8) the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred; (9) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred; (10) the transfer occurred shortly before or shortly after a substantial debt was incurred; and (11) the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.").

and supposed secured creditor PQPR will be subsequently transferred to insiders like Alex Jones, his parents, and his children through the Jones Transferees.

44.    The Jones Defendants are thus liable under § 24.005(a)(1) and the Connecticut Intervenors seek the remedies available under TUFTA against not only the Jones Defendants as transferors but also Jones and the Jones Transferees as transferees. Among the remedies the Connecticut Intervenors seek is to void the transfers made by the Jones Defendants to Alex Jones and the Jones Transferees or to recover from Alex Jones and the Jones Transferees the value of the transfers they received from the Jones Defendants.[14]

## Count 2—Fraudulent Transfer without receiving reasonably equivalent value under § 24.005(a)(2)

45.    The Connecticut Intervenors reallege and incorporate by reference the prior facts alleged in this pleading.

46.    The Jones Defendants are liable for engaging in fraudulent transfers as to present and future creditors under § 24.005(a)(2).[15] A transfer made or obligation incurred by a debtor is fraudulent as to a creditor under this section if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation, and either (1)  the debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor

---

[14] Tex. Bus. & Com. Code § 24.008.

[15] Tex. Bus. & Com. Code § 24.005(a)(2) "(a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or within a reasonable time after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation: . . . (2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor (A) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or the transaction; or (B) intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.").

were unreasonably small in relation to the business or transaction; or (2) the debtor intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.[16] Such transfers or obligations are fraudulent whether the creditor's claim arose before or within a reasonable time after the transfers were made or obligations incurred.[17]

47.     Under these standards the Jones Defendants committed fraudulent transfers as to the Connecticut Intervenors. While the Connecticut Cases were pending— that is, while the Connecticut Intervenors were their creditors—the Jones Defendants transferred millions of dollars from Free Speech Systems without receiving reasonably equivalent value in exchange, and while the Jones Defendants' assets were unreasonably small. Moreover, the Jones Defendants incurred millions of dollars in obligations they intended or reasonably should have believed they would be unable to pay as they became due.

48.     For instance, in 2021 the Jones Defendants transferred from Free Speech Systems tens of millions more than it cost to operate the company. These transfers were unrelated to operating the business and thus weren't in exchange for reasonably equivalent value. And these transfers far exceeded Free Speech Systems' assets—and any of the Jones Defendants for that matter—which were unreasonably small compared to the millions transferred away.

49.     And from 2018 to 2021, the Jones Defendants also transferred from Free Speech Systems to Alex Jones about $18 million on top of the already substantial salary he received. Of course, these $18 million in draws weren't for reasonably equivalent value,

---

[16] *Id.*

[17] *Id.*

especially given that Free Speech Systems was supposedly operating at a loss at that time and allegedly had other substantial debts to insider PQPR it hadn't been paying for years. And these $18 million in transfers virtually eliminated Free Speech Systems' remaining assets, which were already unreasonably small compared to the $18 million that had been transferred.

50.     And around the time that default judgments were rendered against the Jones Defendants in the Connecticut Cases and Texas Cases, the Jones Defendants supposedly incurred an obligation to insider PQPR to pay the interest on the fake $54 million debt to PQPR. (Until the default judgments entered, Free Speech Systems didn't pay anything on its supposed debt to PQPR.)  Although Free Speech Systems was supposedly paying only interest, it paid as much as $11,000 per day *plus 60–80% of its sales revenue*. Incurring such a hefty obligation to cover only the interest on an alleged debt to an insider is not for reasonably equivalent value. And the Jones Defendants intended to incur or believed or reasonably should have believed that Free Speech Systems was incurring, debts beyond its ability to pay as they became due. After all, given that 100% of Free Speech Systems' sales revenue was already too little to cover its operating expenditures, counting on only 20–40% of sales revenue to cover operating expenditures would be quixotic. The Jones Defendants knew or should have known their new obligation to insider PQPR—which is directly and indirectly run by and benefits Alex Jones, his parents, and his children through the Jones Transferees—is beyond their ability to pay.

51.     This of course rests against the backdrop of the false $54 million obligation Free Speech Systems now claims it owes PQPR. Free Speech Systems apparently did not recognize any obligation to PQPR before the Connecticut and Texas Cases. Only after it

was clear that the Connecticut Cases would move forward to trial did any evidence of an obligation by Free Speech Systems to PQPR surface. That Free Speech Systems speciously and needlessly agreed to take on a $54 million obligation to an insider is not an obligation in exchange for reasonably equivalent value. And it's an obligation the Jones Defendants apparently intended to incur or believed or reasonably should have believed they would incur and would be beyond their ability to pay as they became due.

52.     The Jones Defendants are thus liable under § 24.005(a)(2) and the Connecticut Intervenors seek the remedies available under TUFTA against not only the Jones Defendants as transferors but also Alex Jones and the Jones Transferees as transferees. Among the remedies they seek is to void the transfers made by the Jones Defendants to Alex Jones and the Jones Transferees or to recover from Alex Jones and the Jones Transferees the value of the transfers they received from the Jones Defendants.[18]

## Count 3—Fraudulent Transfer without receiving reasonably equivalent value under § 24.006(a)

53.     The Connecticut Intervenors reallege and incorporate by reference the prior facts alleged in this pleading.

54.     The Jones Defendants are liable for engaging in fraudulent transfers as to present creditors under § 24.006(a).[19] A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the

---

[18] Tex. Bus. & Com. Code § 24.008.

[19] Tex. Bus. & Com. Code § 24.006(a) ("(a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.").

16

obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.[20]

55.     The Jones Defendants also committed fraudulent transfers under this standard. While the Connecticut Intervenors were creditors and while the Jones Defendants were insolvent, the Jones Defendants transferred millions of dollars without receiving reasonably equivalent value. These transfers include the tens of millions transferred from Free Speech Systems in 2021 that were unrelated to its operation. They also include $18 million that Jones drew from his business, Free Speech Systems. And they include the Jones Defendants' payments on just the interest on an alleged $54 million debt Free Speech Systems owes insider PQPR—payments that include as much as $11,000 per day plus 60–80% of Free Speech Systems' sales revenue. As explained in prior sections, none of these transfers and obligations were in exchange for reasonably equivalent value. And all were apparently made and incurred while the Jones Defendants were insolvent—or they became insolvent as a result of these transfers and obligations.

56.     The Jones Defendants are thus liable under § 24.006(a) and the Connecticut Intervenors seek the remedies available under TUFTA against not only the Jones Defendants as transferors but also Alex Jones and the Jones Transferees as transferees. Among the remedies they seek is to void the transfers made by the Jones Defendants to Alex Jones and the Jones Transferees or to recover from Alex Jones and

---

[20] *Id.*

the Jones Transferees the value of the transfers they received from the Jones Defendants.[21]

## Count 4—Fraudulent Transfer without receiving reasonably equivalent value under § 24.006(b)

57.    The Connecticut Intervenors reallege and incorporate by reference the prior facts alleged in this pleading.

58.    The Jones Defendants are liable for engaging in fraudulent transfers as to present creditors under § 24.006(b).[22] A transfer made by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made if the transfer was made to an insider for an antecedent debt, the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent.[23]

59.    The Jones Defendants engaged in fraudulent transfers under this standard. After the Connecticut Intervenors' claims against the Jones Defendants arose, the Jones Defendants started repaying an alleged debt to insider PQPR, which is owned directly and indirectly by Alex Jones, his parents, and his children through various entities—the Jones Transferees. Moreover, income that PQPR receives from Free Speech Systems, for example, is directly and indirectly paid to Alex Jones, his parents, and his children though the Jones Transferees. The Jones Defendants made these transfers to pay off this antecedent debt to insider PQPR directly (and Alex Jones and the Jones Transferees indirectly) while they were insolvent. And the Jones Transferees, including PQPR, had

---

[21] Tex. Bus. & Com. Code § 24.008.

[22] Tex. Bus. & Com. Code § 24.006(b) ("(b) A transfer made by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made if the transfer was made to an insider for an antecedent debt, the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent.").

[23] *Id.*

reasonable cause to believe that the Jones Defendants were insolvent at the time. After all, the Jones Defendants allegedly failed to the pay the supposed debt to PQPR for years to the point where the debt reached $54 million and exceeded the Jones Defendants' assets.

60.     And to the extent that the $18 million Jones drew from Free Speech Systems between 2018 and 2021 were payments for antecedent debts, such payments are also fraudulent transfers under this section. These transfers were made after the Connecticut Intervenors' claims against the Jones Defendants arose. As Free Speech Systems' sole owner, Alex Jones was its insider. And as its sole owner, Alex Jones had reasonable cause to believe that Free Speech Systems was insolvent—and in fact was insolvent—when these transfers to him were made.

61.     The Jones Defendants are thus liable under § 24.006(b) and the Connecticut Intervenors seek the remedies available under TUFTA against not only the Jones Defendants as transferors but also Alex Jones and the Jones Transferees as transferees. Among the remedies they seek is to void the transfers made by the Jones Defendants to Alex Jones and the Jones Transferees or to recover from Alex Jones and the Jones Transferees the value of the transfers they received from the Jones Defendants.[24]

## Count 5—Conspiracy to commit fraudulent transfers

62.     The Connecticut Intervenors reallege and incorporate by reference the prior facts alleged in this pleading.

---

[24] Tex. Bus. & Com. Code § 24.008.

63.     The Jones Defendants and the Jones Transferees are liable for conspiracy to commit fraudulent transfers.[25] The elements of a civil conspiracy are: (1) two or more persons; (2) an end to be accomplished; (3) meeting of the minds on the end or course of action; (4) one or more overt unlawful acts; and (5) proximately resulting in injury.[26]

64.     Here, the Jones Defendants and the Jones Transferees conspired to commit fraudulent transfers. As the prior paragraphs establish, the Jones Defendants and the Jones Transferees conspired to siphon the Jones Defendants' assets away to avoid paying the Connecticut Intervenors in the Connecticut Cases. The Jones Defendants and the Jones Transferees then proceeded with the course of action of transferring millions of dollars in assets away from the Jones Defendants and having the Jones Defendants incur millions of dollars in obligations to its insider Jones Transferees, who weren't sued in the Connecticut Cases. These overt acts are unlawful fraudulent transfers under TUFTA. And they proximately resulted in injury to the Connecticut Intervenors. Diverting assets away from the Jones Defendants to the Jones Transferees impairs the Connecticut Intervenors' ability to collect on their judgments.

CONDITIONS PRECEDENT

65.     All conditions precedent to the Connecticut Intervenors' claims for relief have been performed or have occurred or have been waived.

---

[25] *In re Northstar Offshore Grp., LLC*, 616 B.R. 695, 743 (Bankr. S.D. Tex. 2020) (citing *Ramirez v. Rodriguez (In re Ramirez)*, 413 B.R. 621, 629 (Bankr. S.D. Tex. 2009) and *Biliouris v. Sundance Res., Inc.*, 559 F. Supp. 2d 733, 740 (N.D. Tex. 2008)).

[26] *Id.* at 743–44.

### ATTORNEY'S FEES AND INTEREST

66.     The Connecticut Intervenors seek costs and attorney's fees under § 24.013 of the Texas Uniform Fraudulent Transfer Act.[27]

67.     The Connecticut Intervenors further seek pre- and post-judgment interest on the amount of any judgment as allowed by law.

### REQUEST FOR DISCLOSURE

68.     Defendants are requested to disclose, within 50 days of the service of this request, the information or material described in Texas Rule of Civil Procedure 194.2.

### TRIAL BY JURY

69.     The Connecticut Intervenors respectfully request a trial by jury.

### NOTICE OF INTENT

70.     Under Rule 193.7, Connecticut Intervenors intend to use any documents produced in response to written discovery requests at trial and in any pretrial matters in the litigation.[28]

### PRAYER

For these reasons, Connecticut Intervenors respectfully request that Jones Defendants be cited to appear and answer and that judgment be awarded to Connecticut Intervenors for the following:

1)     avoidance of transfers or obligations to the extent necessary to satisfy Connecticut Intervenors' claims;

2)     an attachment or any other provisional remedy against the assets transferred or other property of the transferee in accordance with the applicable Texas Rules of Civil Procedure and the Civil Practice and Remedies Code relating to ancillary proceedings;

---

[27] Tex. Bus. & Com. Code § 24.013.

[28] Tex. R. Civ. P. 193.7.

3) an injunction—including temporary and permanent injunctive relief—against further disposition by the debtors or transferees, or both, of the assets transferred or of other property;

4) an appointment of a receiver to take charge of the assets transferred or of other property of the transferees;

5) to levy execution on assets transferred or their proceeds;

6) actual damages, including direct, indirect, special, incidental, and consequential damages;

7) exemplary damages;

8) costs and reasonably attorney's fees as are equitable and just;

9) pre- and post-judgment interest;

10) any other relief the circumstances may require.

Respectfully submitted

CAIN & SKARNULIS PLLC

By:   /s/ Ryan E. Chapple
      Ryan E. Chapple
      State Bar No. 24036354
      Cain & Skarnulis PLLC
      303 Colorado Street, Suite 2850
      Austin, Texas 78701
      Telephone:   (512) 477-5000
      Fax:         (512) 477-5011
      Email: rchapple@cstrial.com

BYMAN & ASSOCIATES PLLC

By:   /s/ Randy W. Williams
      Randy W. Williams
      State Bar No. 21566850
      Byman & Associates PLLC
      7924 Broadway, Suite 104
      Pearland, TX 77581
      Telephone: (281) 884-9262
      Email: rww@bymanlaw.com

ATTORNEYS FOR CONNECTICUT INTERVENORS

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Original Petition in Intervention has been forwarded to all counsel of record in accordance with the Texas Rules of Civil Procedure on this 17th day of June 2022, as follows:

| Method of Service | Parties | Counsel |
|---|---|---|
| *Electronic Service* | Defendants<br>PQPR Holdings Limited LLC<br><br>JLJR Holdings, LLC<br><br>PLJR Holdings, LLC | Stephen W. Lemmon<br>lemmon@slollp.com<br>STREUSAND, LANDON, OZBURN & LEMMON, LLP<br>1801 S. MoPac Expressway<br>Suite 320<br>Austin, TX 78746<br>512-236-9900<br>512-236-9904—Fax |
| *Electronic Service* | Defendants<br>Alex E. Jones<br><br>Free Speech Systems, LLC<br><br>AEJ Holdings, LLC<br><br>AEJ Trust 2018 | Andino Reynal<br>areynal@frlaw.us<br>THE REYNAL LAW FIRM, LLP<br>917 Franklin Street<br>Suite 600<br>Houston, TX 77002<br>713-228-5900<br>713-820-6981—Fax |

_____/s/ Ryan E. Chapple_____
Ryan E. Chapple

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Arlana Prentice on behalf of Ryan Chapple
Bar No. 24036354
aprentice@cstrial.com
Envelope ID: 65565959
Status as of 6/30/2022 12:03 PM CST

Associated Case Party: ALEXEJONES

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Federico Reynal | 24060482 | areynal@frlaw.us | 6/17/2022 4:20:23 PM | SENT |

Associated Case Party: NEIL HESLIN

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Nicholas Lawson | | nick.lawson@mhllp.com | 6/17/2022 4:20:23 PM | SENT |
| Avishay Moshenberg | | avi.moshenberg@mhllp.com | 6/17/2022 4:20:23 PM | SENT |
| Matthew Caldwell | | matthew.caldwell@mhllp.com | 6/17/2022 4:20:23 PM | SENT |

Associated Case Party: PQPR HOLDINGS LIMITED LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Stephen Lemmon | | lemmon@slollp.com | 6/17/2022 4:20:23 PM | SENT |
| Stephen W. Lemmon | 12194500 | lemmon@slollp.com | 6/17/2022 4:20:23 PM | SENT |

Associated Case Party: PLJR HOLDINGS, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Stephen Lemmon | | lemmon@slollp.com | 6/17/2022 4:20:23 PM | SENT |
| Stephen W. Lemmon | 12194500 | lemmon@slollp.com | 6/17/2022 4:20:23 PM | SENT |

Associated Case Party: JLJR HOLDINGS LLC

| Name |
|------|
| Stephen Lemmon |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Arlana Prentice on behalf of Ryan Chapple
Bar No. 24036354
aprentice@cstrial.com
Envelope ID: 65565959
Status as of 6/30/2022 12:03 PM CST

Associated Case Party: JLJR HOLDINGS LLC

| Stephen W. Lemmon | 12194500 | lemmon@slollp.com | 6/17/2022 4:20:23 PM | SENT |
|---|---|---|---|---|

7/11/2022 12:00 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-22-001610
Alexus Rodriguez

CAUSE NO. D-1-GN-22-001610

| | | |
|---|---|---|
| NEIL HESLIN, SCARLETT LEWIS, LEONARD POZNER, VERONIQUE DE LA ROSA, MARCEL VONTAIN, | § § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § § | |
| v. | § § | |
| ALEX E. JONES, INFO WARS, LLC, FREE SPEECH SYSTEMS, LLC, PQPR HOLDINGS LIMITED LLC, JLJR HOLDINGS, LLC, PLJR HOLDINGS, LLC, CAROL JONES, DAVID JONES, PQPR HOLDINGS, LLC, JLJR HOLDINGS LIMITED, LLC, AEJ HOLDINGS, LLC, AEJ TRUST 2018 | § § § § § § § § § § | 200TH JUDICIAL DISTRICT |
| Defendants. | § § | TRAVIS COUNTY, TEXAS |
| DAVID WHEELER, FRANCINE WHEELER, JACQUELINE BARDEN, MARK BARDEN, NICOLE HOCKLEY, IAN HOCKLEY, JENNIFER HENSEL, DONNA SOTO, CARLEE SOTO-PARISI, CARLOS M. SOTO, JILLIAN SOTO, WILLIAM SHERLACH, ROBERT PARKER, WILLIAM ALDENBERG, | § § § § § § § § § § § § § | |
| Intervenors | § | |

## ORIGINAL ANSWER OF DAVID AND CAROL JONES

Defendants David and Carol Jones (collectively, "Defendants") files this Original Answer to Plaintiffs' Original Petition, and Defendants respectfully show the Court as follows:

### I.   GENERAL DENIAL

1.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny each and every allegation of the Petition and demand strict proof thereof.

## II.  <u>PRAYER</u>

2.      Defendants pray that Plaintiffs be denied all relief requested in the Petition, that Plaintiffs takes nothing in this action, and that the Court award Defendants their attorneys' fees and costs together with such other and further relief to which they may be justly entitled.

Respectfully submitted,

By: */s/Stephen A. Roberts*
Stephen A. Roberts
Texas Bar No. 17019200
Stephen A. Roberts, PC
1400 Marshall Ln.
Austin, Texas 78703
(512) 431-7337
sroberts@srobertslawfirm.com

**ATTORNEY FOR DEFENDANTS
DAVID and CAROL JONES**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and complete copy of the foregoing instrument has been served on this 11th day of July 2022, served via this Court's CM/ECF notification system to those parties registered for service upon filing of the same.

*/s/Stephen A. Roberts*
Stephen A. Roberts

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Stephen Roberts on behalf of Stephen Roberts
Bar No. 17019200
sroberts@srobertslawfirm.com
Envelope ID: 66170506
Status as of 7/15/2022 1:54 PM CST

Associated Case Party: NEIL HESLIN

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Nicholas Lawson | | nick.lawson@mhllp.com | 7/10/2022 3:43:45 PM | SENT |
| Avishay Moshenberg | | avi.moshenberg@mhllp.com | 7/10/2022 3:43:45 PM | SENT |
| Matthew Caldwell | | matthew.caldwell@mhllp.com | 7/10/2022 3:43:45 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Stephen Roberts | | sroberts@srobertslawfirm.com | 7/10/2022 3:43:45 PM | SENT |

8/16/2022 12:24 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-22-001610
Selina Hamilton

D-1-GN-22-001610

RYAN FROST

v.

ALEX JONES

IN THE STATE COURT

250th JUDICIAL DISTRICT

TRAVIS COUNTY, TEXAS

The King to Karin Crump greeting. We command you that without delay you do full right to Ryan Frost of one messuage with the appurtenances in Austin which he claims to hold of you by free service of five-million pounds per annum for all service, of which Alex Jones deforceth him. And unless you will do this, let the sheriff of Travis do it that we may hear no more clamour thereupon for want of right.

*Ryan Frost*

Grand Adjudicator
Master-at-Arms
Dooms-man-at-Arms
Maxim of our Lady's Grace
and
His Majesty's royal legate
GMJ Ryan M. Frost
PO Box 30173
Seattle, WA 98113
rmfrost@gmx.com

D-1-GN-22-001610

RYAN FROST                                          IN THE STATE COURT

v.                                                  250th JUDICIAL DISTRICT

ALEX JONES                                          TRAVIS COUNTY, TEXAS

True and Correct Affidavit of Witness


Alex Jones has kidnapped multiple children over the years like Paul Joseph Watson and gave him his own TV show called Prison Planet TV where he forced Paul to pick up feces and eat them. Watson has been left scarred and unable to testify about the horrible things he has seen Alex Jones do. Alex Jones has made numerous false statements over the years and has endangered the lives of police officers. He is not wanted by the government and poses an imminent risk to National Security. Alex Jones has reached peak critical engine knocking and if left unchecked and uncalibrated could cause a massive blowout that central Texas is not prepared for. Therefore the court finds that Alex Jones suffers from psychosis and paranoid delusions.



**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 68467133
Status as of 9/27/2022 12:03 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ryan E.Chapple | | rchapple@cstrial.com | 9/21/2022 10:50:58 AM | SENT |
| Scotti Beam | | sbeam@cstrial.com | 9/21/2022 10:50:58 AM | SENT |
| Mark Bankston | 24071066 | mark@fbtrial.com | 9/21/2022 10:50:58 AM | SENT |
| Cordt Akers | 24080122 | cca@akersfirm.com | 9/21/2022 10:50:58 AM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 68467133
Status as of 9/27/2022 12:03 PM CST
Associated Case Party: ALEXEJONES

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Federico Reynal | 24060482 | areynal@frlaw.us | 9/21/2022 10:50:58 AM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 68467133
Status as of 9/27/2022 12:03 PM CST
Associated Case Party: PQPR HOLDINGS LIMITED LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Stephen W. Lemmon | 12194500 | lemmon@slollp.com | 9/21/2022 10:50:58 AM | SENT |
| Stephen Lemmon | | lemmon@slollp.com | 9/21/2022 10:50:58 AM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 68467133
Status as of 9/27/2022 12:03 PM CST
Associated Case Party: PLJR HOLDINGS, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Stephen W. Lemmon | 12194500 | lemmon@slollp.com | 9/21/2022 10:50:58 AM | SENT |
| Stephen Lemmon | | lemmon@slollp.com | 9/21/2022 10:50:58 AM | SENT |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 68467133
Status as of 9/27/2022 12:03 PM CST
Associated Case Party: JLJR HOLDINGS LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Stephen W. Lemmon | 12194500 | lemmon@slollp.com | 9/21/2022 10:50:58 AM | SENT |
| Stephen Lemmon | | lemmon@slollp.com | 9/21/2022 10:50:58 AM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 68467133
Status as of 9/27/2022 12:03 PM CST
Associated Case Party: NEIL HESLIN

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Nicholas Lawson | | nick.lawson@mhllp.com | 9/21/2022 10:50:58 AM | SENT |
| Avishay Moshenberg | | avi.moshenberg@mhllp.com | 9/21/2022 10:50:58 AM | SENT |
| Matthew Caldwell | | matthew.caldwell@mhllp.com | 9/21/2022 10:50:58 AM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 68467133
Status as of 9/27/2022 12:03 PM CST
Associated Case Party: CAROL JONES

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Stephen Roberts | | sroberts@srobertslawfirm.com | 9/21/2022 10:50:58 AM | SENT |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 68467133
Status as of 9/27/2022 12:03 PM CST
Associated Case Party: DAVID WHEELER

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Arlana Prentice | | aprentice@cstrial.com | 9/21/2022 10:50:58 AM | SENT |



**MAYA GUERRA GAMBLE**
Judge, 459th District Court
**Heman Marion Sweatt Travis County Courthouse**
**P.O. Box 1748**
**Austin, Texas 78767**

Filed in The District Court
of Travis County, Texas

AUG 2 4 2022   **JG**
At 3:00 P   M.
Velva L. Price, District Clerk

August 23, 2022

Jim Ainsworth
*Via email:* jainsworth1@gmail.com

**RE:**   Cause No. GN-18-001835; *Neil Heslin and Scarlett Lewis vs. Alex E Jones and Free Speech Systems LLC; in the 261st Judicial District Court, Travis County, Texas*
Cause No. GN-18-001842; *Leonard Pozner vs. Alex E Jones and Free Speech Systems LLC; in the 345th Judicial District Court, Travis County, Texas*
Cause No. GN-18-001605; *Marcel Fontaine vs. Alex E Jones, Free Speech Systems LLC, and Kit Daniels; in the 459th Judicial District Court, Travis County, Texas*
Cause No. GN-22-001610; *Neil Heslin, Scarlett Lewis, Leonard Pozner, Veronique de la Rosa, and Marcel Fontaine vs. Alex E Jones, Infowars LLC, Free Speech Systems LLC, PQPR Holdings Limited LLC, JLJR Holdings LLC, PLJR Holdings LLC, Carol Jones, David Jones, PQPR Holding LLC, JLJE Holdings Limited LLC, AEJ Holdings LLC, and AEJ Trust 2018; in the 200th Judicial District Court, Travis County, Texas*

Dear Mr. Ainsworth:

On August 19, 2022 and on many previous dates (including but not limited to 10-1-2021, 10-4-2021, 10-19-2021, 11-15-2021, 8-2-2022, 8-3-2022, 8-4-2022, 8-9-2022, 8-16-2022, and 8-17-2022), this Court received communications from you that I surmise, due to their content, are regarding the above referenced cases.

While I understand that you may want to communicate with the Court on these cases, such communication is improper and is not allowed. The Code of Judicial Conduct prohibits private communications made to the Judge concerning a pending or impending judicial proceeding Therefore, I have never reviewed any of the materials you have sent, nor will I because I consider these as an attempt to improperly   communicate regarding a pending matter. This letter is notice that your actions in this regard are improper and the Court may not and will not review any past or future communications as they may contain *ex parte* communications.

Page 2 of 2

Please do not attempt to communicate directly with the Court regarding any pending or impending case except in accordance with our Texas Rules of Civil Procedure.

As I must, I am notifying all parties of this communication. If any party to the case would like my office to forward the remainder of the communications, please make a request and we will do so.

Very Truly Yours,

Maya Guerra Gamble
Judge, 459th District Court

cc:    Ms. Velva L. Price, Travis County District Clerk
       Mark Bankston
       Avi Moshenberg
       Cordt Akers
       F. Andino Reynal
       Joseph Magliolo Jr

**Maya Guerra Gamble**

| | |
|---|---|
| **From:** | Jim Ainsworth <jainsworth1@gmail.com> |
| **Sent:** | Thursday, August 18, 2022 8:11 PM |
| **To:** | Horowitz, Michael E.(OIG); attorney.general@usdoj.gov; Schroeder, Christopher H. (OLC); Polite, Kenneth (CRM); Olsen, Matthew (NSD); Durham, John H. (JMD); reinhart@flsd.uscourts.gov; Bellis, Barbara; Maya Guerra Gamble |
| **Subject:** | [CAUTION EXTERNAL] EXCLUSIVE: Judge Napolitano Calls Out The Weaponization Of The Justice System And The IRS By A Totalitarian Left |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

CAUTION: This email is from OUTSIDE Travis County. Links or attachments may be dangerous. Click the Phish Alert button above if you think this email is malicious.

# EXCLUSIVE: Judge Napolitano Calls Out The Weaponization Of The Justice System And The IRS By A Totalitarian Left

The Alex Jones Show

August 18th, 2022  5:48 PM ET



Image Credit: banned.video

**Judge Andrew Napolitano [judgenap.com]** joined Alex Jones to call out the totalitarian leftist takeover of the American Justice System and the weaponization of the IRS.

*(The report resumes after a 1-minute commercial break at the 21:32 mark on the video.)*

*Watch the report below in MP4 video:*

*https://assets.infowarsmedia.com/videos/9673c26e-e26c-419e-98e4-9967ec8db2bb.mp4 [assets.infowarsmedia.com]*