IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Free Speech Systems LLC | § | Subchapter V |
| | § | |
| Debtor. | § | Case No. 22-60043 (cml) |

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

In re:

NEIL HESLIN, SCARLETT LEWIS,
LEONARD POZNER, VERONIQUE DE
LA ROSA, MARCEL FONTAINE,

     Plaintiffs,

v.                                                              ADVERSARY NO. 22-06017

ALEX E. JONES, FREE SPEECH
SYSTEMS, LLC, PQPR HOLDINGS
LIMITED, LLC, PLJR HOLDINGS, LLC,
PLJR HOLDINGS LIMITED, LLC,
CAROL JONES, DAVID JONES, AEJ
HOLDINGS, LLC AEJ TRUST 2019,

     Defendants.

DAVID WHEELER, FRANCINE
WHEELER, JACQUELINE BARDEN,
MARK BARDEN, NCOLE HOCKLEY,
IAN HOCKLEY, JENNIFER HENSEL,
DONNA SOTO, CARLEE SOTOPARISI,
CARLOS M. SOTO, JILLIAN SOTO,
WILLIAM SHERLACH, ROBERT
PARKER, WILLIAM ALDENBERG,

     Intervenors.

**TEXAS PLAINTIFFS' MOTION FOR ABSTENTION AND REMAND**

Plaintiffs Neil Heslin, Scarlett Lewis, Leonard Pozner, Veronique De La Rosa, and Marcel Fontaine (the "Texas Plaintiffs"), creditors and parties in interest in the above captioned case, move to abstain from hearing the subject matter of this adversary proceeding and to remand this action to the 200th Judicial District Court of Travis County, Texas:

## I.    INTRODUCTION

1.      This is a lawsuit under Texas state law against Alex Jones and his shell companies for fraudulently transferring assets to avoid paying imminent and crippling judgments.  The Texas Plaintiffs comprise Sandy Hook Families who originally sued the notorious conspiracy theorist and his media empire for spreading the absurd lie that the horrific shooting at Sandy Hook Elementary was a hoax and that these parents of slain first graders were mere crisis actors. Recently, a Texas jury awarded two Texas Plaintiffs over $49 million, with more Texas Plaintiffs preparing to try their cases in the coming months, and the Connecticut Plaintiffs were awarded over $1.4 billion.

2.      Presumably aware of what was to come, Jones and his flagship company Free Speech Systems, LLC ("FSS" or "Debtor") fraudulently siphoned assets away to become judgement-proof.  This, in turn, prompted the Texas Plaintiffs to sue under the Texas Uniform Fraudulent Transfer Act in Case No. D-1-GN-22-001610, styled *Heslin, et al. v. Jones, et al.* (the "TUFTA Case").  The same court and judge that presides over the Texas defamation cases also presides over the TUFTA Case. Apparently, to avoid defending against these claims in the same court that heard the Texas defamation cases, where Jones and his companies were sanctioned repeatedly to the point that default judgments were rendered against them, Jones had FSS petition

for bankruptcy protection in the bankruptcy court for the Southern District of Texas under the recently enacted Subchapter V framework. He then removed the TUFTA Case to this Court.

3.        When considering whether to retain jurisdiction, this Court need not accept or reward Jones's forum shopping. Instead, this Court should remand the TUFTA Case back to state court because the permissive abstention and equitable remand factors warrant this result.  A similar fate occurred with Alex Jones's prior attempt to deprive the state court of jurisdiction following the bankruptcy filing of another of Jones's shell companies, InfoW, LLC, on the eve of Jones's first defamation trial.  Ultimately, the InfoWars bankruptcy case was dismissed, and the TUFTA Case was remanded to state court.

4.        Now, once again, it appears that Jones seeks to use his control over FSS to forum shop.  No new facts or law necessitate a different result from the prior remand.  Indeed, remand is warranted because the TUFTA Case contains only state-law claims, brought before a state judge who knows firsthand the parties and the discovery abuses previously committed.  The permissive abstention and equitable remand doctrine exists to protect against forum shopping and federal interference in state-court actions with no independent basis for federal jurisdiction other than the all-encompassing "related to" jurisdiction afforded to bankruptcy courts.

5.        Moreover, removal is *against* FSS's interest—it will protect Jones, his family, and other transferees rather than FSS itself.  It is undeniable that a jury trial in the state court is the preferred vehicle for maximizing the recovery of fraudulent transfers from FSS's transferees—the very thing in which FSS, in its capacity as a debtor fiduciary, should be vested. But, Jones, as the owner and controller of FSS, prefers to impede rather than facilitate those recoveries.  His conflict should not be rewarded.

6.      This Court should therefore abstain and equitably remand the TUFTA Case back to state court.

## II.    <u>BACKGROUND</u>

7.      In December 2012, the nation faced the horror of a mass shooting at Sandy Hook Elementary, which took the lives of 20 children.  In the years that followed, the families of the murdered children endured even more pain as Alex Jones and his media empire denied these children were even real.  Instead, Jones claimed the parents were paid actors in a massive hoax propagated by shadowy elite forces.  Jones published over 50 episodes and countless articles pushing this lie, all while coordinating and funding the families' harassment by dangerous fanatics.

8.      Beginning in 2018, the Texas Plaintiffs sued Jones and his companies, FSS and InfoWars, in Travis County state court for defamation and intentional infliction of emotional distress, among other claims (the "<u>Defamation Cases</u>").[1]  Fontaine sued Jones and his companies in Texas state court for spreading lies that Fontaine was the shooter responsible for murdering 17 people at a high school in Parkland, Florida.[2]  The claims of the Heslin, Lewis, Pozner, and De La Rosa—parents of children slain at Sandy Hook Elementary—stem from Jones's conspiracy theories that the mass shooting was a hoax.[3]  Meanwhile, similar litigation was brought by Intervenors David Wheeler, Francine Wheeler, Jacqueline Barden, Mark Barden, Nicole Hockley, Ian Hockley, Jennifer Hensel, Donna Soto, Carlee Soto Parisi, Carlos M. Soto, Jillian Soto,

---

[1]  Cause No. D-1-GN-18-001835, Neil Heslin v. Alex E. Jones, Infowars, LLC, Free Speech Systems, LLC and Owen Shroyer, in the 261st Judicial District Court of Travis County, Texas; Cause No. D-1-GN-18-001842, Leonard Pozner and Veronique De La Rosa v. Alex E. Jones, Infowars, LLC, and Free Speech Systems, LLC, in the 345th Judicial District Court of Travis County, Texas; Cause No. D-1-GN-19-004651, Neil Heslin v. Alex E. Jones, Infowars, LLC, and Free Speech System, LLC, in the 261st Judicial District Court of Travis County, Texas; Cause No. D-1-GN-18-006623, Scarlett Lewis v. Alex E. Jones, Infowars, LLC, and Free Speech Systems, LLC, in the 98th Judicial District Court of Travis County, Texas; Cause No. D-1-GN-18-001605, Marcel Fontaine v. Infowars, LLC, Free Speech Systems, LLC, and Kit Daniels, in the 459th Judicial District Court of Travis County, Texas. see also Ex. 1; Ex. 2.
[2]  Ex. 1, at ¶ 29.
[3]  Ex. 1, at ¶ 29.

William Sherlach, Robert Parker, William Aldenberg (the "Connecticut Plaintiffs") in Connecticut state court.[4]

9.      These Defamation Cases have been pending for over four years.  From the beginning, Jones and his companies tried to obstruct the prosecution of these cases, including: (1) repeatedly removing cases to federal court; (2) filing numerous appeals; (3) flouting discovery orders (especially as to financial documentation); (4) producing fabricated financial records; and (5) moving to recuse the presiding state court judge to avoid sanctions.  In the Texas Defamation Cases, 10 attorneys have come and gone as Jones consistently defied court orders and refused to litigate in good faith—all while incurring over $1.3 million in sanctions in nearly a dozen orders.[5] Jones was also sanctioned for frivolous pleadings by a Texas appellate court and was repeatedly sanctioned and held in contempt in the Connecticut Defamation Case.[6] These orders found Jones defied discovery orders, threatened plaintiffs' counsel, refused to cooperate with depositions, falsified discovery responses, tampered with evidence, submitted a fraudulent affidavit, made frivolous legal arguments, and introduced chaos and insolence into the proceedings.[7]  Their conduct has been so egregious that the courts in Texas and Connecticut entered default judgments against Defendants in the Defamation Cases on liability in September and November 2021.[8]

10.      Over the course of the Defamation Cases, the Texas Plaintiffs discovered that as defaults were entered in Texas, Jones's main company, Free Speech Systems, began siphoning assets and fabricating secured debts to make itself judgment-proof.[9]  Indeed, by that time, Jones

---

[4] *See* Ex. 2, at ¶ 29. These consolidated actions, now pending in the Connecticut Judicial District of Waterbury are: *Lafferty, Erica, et al. v. Jones, Alex Emric, et al.,* No. UWY-CV-18-0604636-S; *Sherlach, William v. Jones, Alex Emric, et al.,* No. UWY-cv-18-064637-S; and *Sherlach, et al. v. Jones, Alex Emric, et al.*, No. UWY-CV-18-064638-S.

[5]  Ex. 3, at ¶ 3.

[6]  Ex. 3, at ¶¶ 3, 5–6; Ex. 1, at ¶¶ 30–31; Ex. 2, at ¶ 30.

[7]  Ex. 3, at ¶¶ 3, 5–6.

[8]  Ex. 3, at ¶¶ 3, 5–6; Ex. 1, at ¶¶ 30–31; Ex. 2, at ¶ 30.

[9]  Ex. 1, at ¶¶ 32–37; Ex. 2, at ¶¶ 31–36.

had drawn out millions from the company.[10]  And an alleged $54 million secured debt of Free Speech Systems to another company owned and operated by Jones and his parents, PQPR, emerged from the ether.[11]  What's more, FSS started transferring over $11,000 a day and its sales revenue to PQPR.[12]

11.     As a result, on April 6, 2022, the Texas Plaintiffs sued Jones and other entities he controls under the Texas Uniform Fraudulent Transfer Act in state court.[13]  (The Connecticut Plaintiffs later intervened in this TUFTA Case in June 2022.[14])  The TUFTA Case was assigned to the same judge—Judge Guerra Gamble—who also presides over all the Texas Defamation Cases, including the trial this past August that resulted in a judgment of over $49 million being assessed against Jones and FSS.[15]  Given her experience with the Texas Defamation Cases, she is perfectly and uniquely positioned to preside over the TUFTA Case, which involves not only many of the same parties, but also the same attorneys.

12.     Importantly, when the Texas Plaintiffs brought the TUFTA Case on April 6, none of Jones's businesses had petitioned for bankruptcy—yet.

13.     But that changed. The damages trial for the first Texas Defamation Case was set to begin April 25, 2022.  On the surface, Jones, FSS, and InfoWars acted like trial would happen.  A week before trial, however, Jones had his empty-shell company, InfoWars, petition for bankruptcy.[16]  Then, InfoWars removed the Texas Defamation Cases and the TUFTA Case to this Court.[17]

---

[10] Ex. 1, at ¶¶ 32–37; Ex. 2, at ¶¶ 31–36.
[11] Ex. 1, at ¶¶ 32–37; Ex. 2, at ¶¶ 31–36.
[12] Ex. 1, at ¶¶ 32–37; Ex. 2, at ¶¶ 31–36.
[13] Ex. 1.
[14] Ex. 2.
[15] Ex. 3, at ¶ 2; Ex. 6.
[16] Ex. 4, at ¶¶ 1–2.
[17] Id.

14.     These cases were swiftly remanded back to state court—after InfoWars was nonsuited and dismissed.[18]  Soon after, facing the U.S. Trustee's motion to dismiss a bad-faith bankruptcy, Jones's InfoWars company dismissed its bankruptcy.  The first Texas Defamation Case then proceeded to trial on damages in July 2022.[19]   But mid-trial, just days before the jury returned a nearly $50 million verdict and weeks before the Connecticut trial began, Jones had his multimillion-dollar company, FSS, petition for bankruptcy under Chapter 11's subchapter V, which is designed for small businesses.[20]   After the automatic stays in those cases were lifted, the juries returned verdicts in Texas and Connecticut returned verdicts of over $49 million and $965 million respectively—and substantial amounts were allocated in punitive damages, as provided by Connecticut law.[21]

15.     Jones and FSS then removed the TUFTA Case from state court as allegedly related to FSS's bankruptcy.  The alleged jurisdictional basis for the removal is the Court's "related to" jurisdiction.[22]

16.     Nothing in the record suggests the state court failed to ably administer the TUFTA Case.  Just the opposite, Judge Guerra Gamble has the most expertise with these parties, these attorneys, and these state-law issues and is best placed to adjudicate this matter.[23]   Under the permissive-abstention doctrine, the Texas Plaintiffs respectfully ask that this Court abstain from hearing this case and remand it back to state court to adjudicate the TUFTA Case—the court best suited to resolve the issues presented by the TUFTA claims.

---

[18] Ex. 5.
[19] Ex. 3, at ¶ 4.
[20] Ex. 8, at ¶ 2; Ex. 3, at ¶ 4.
[21] Ex. 3, at ¶¶ 4–5, 7.
[22] Ex. 8, at ¶ 4.
[23] Ex. 3, at ¶ 2.

17.     To ensure that all relevant circumstances are considered on this remand motion, the Texas Plaintiffs and FSS have agreed to stay any further proceedings in this matter—including further briefing or any determination on this remand motion—until the outcome of FSS's bankruptcy case is known.[24] That agreement is being filed with the Court.

### III.    ARGUMENTS AND AUTHORITIES

18.     The TUFTA Case is neither a case under title 11, nor a civil proceeding arising under title 11.  Rather, it was removed on the basis that it allegedly is "related to" a case under title 11.[25]  As such, this Court should remand the TUFTA Case back to state court.  Section 1334 provides that a bankruptcy court may abstain from hearing suits commenced in state court before bankruptcy.[26].  A bankruptcy court may also remand a case "on any equitable ground."[27]  A court can abstain on a permissive basis from hearing a case "in the interest of justice, or in the interest of comity with State courts or respect for State law."[28]  And any doubts about a case's removability are resolved against the exercise of federal jurisdiction.[29]  Courts in the Fifth Circuit "typically use a factors-based analysis to determine if permissive abstention and equitable remand of a bankruptcy civil proceeding is appropriate."[30]  Bankruptcy courts have "broad power to abstain whenever appropriate in the interest of justice[.]"[31]  In deciding whether to permissively abstain, courts consider 14 factors.[32]  Under those factors, remand is warranted.

---

[24] Given statements by the parties, there may be some question as to who owns or controls the TUFTA Case. But that separate issue does not affect whether the bankruptcy court should abstain and allow the case to be tried—at the appropriate time—in the state court where it was filed.  The outcome of FSS's bankruptcy, including the proper disposition of the TUFTA Case, is still unknown and unpredictable.  No plan of reorganization has been proposed, much less confirmed.  And any confirmed plan will almost certainly prescribe such disposition—if FSS's bankruptcy is not converted to a chapter 7 liquidation or dismissed, which might also affect the TUFTA Case.

[25] *See* 28 U.S.C. § 1334(a), (b).

[26] 28 U.S.C. § 1334(c)(1).

[27] 28 U.S.C. § 1452(b).

[28] 28 U.S.C. § 1334(c)(1).

[29] *Acuna v. Brown & Root, Inc*. 200 F.3d 335, 339 (5th Cir. 2000).

[30] *Id.* at 731.

[31] *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987) (internal citations omitted).

[32] *Id*.

**Factor 1: The Lack of Effect on the Efficient Administration of the Estate Favors Remand.**

19.     The first factor examines the effect on the estate's efficient administration if the Court recommends remand or abstention.  Here, several Texas Sandy Hook Families have already secured a judgment against Jones and FSS for over $49 million, with several more trials expected in the coming months.  In other words, their claims—coupled with the Connecticut Plaintiffs'—make up more than 99.9% of all claims against the Debtor.[33]  Resolving the TUFTA Case swiftly before the state court that is most familiar with the issues, the parties, and their lawyers, will not impede the efficient administration of the estate; it will enhance it.

20.     Especially because this is not a normal case.  It involves unusual facts and an unusual cast of characters.  And Judge Guerra Gamble's years of experience with this cast and these matters uniquely equips her to umpire the TUFTA Case, particularly where it involves only state-law (and not federal or bankruptcy) claims.[34]  Adjudicating such claims effectively and efficiently does not require special bankruptcy knowledge; rather, it requires special knowledge of state law and the parties and counsel, including the history of discovery abuses in the Defamation Cases.  This factor, therefore, favors abstention because the state court knows the discovery issues, the parties, and the counsel involved from her years of presiding over the Texas Defamation Cases.[35]

**Factor 2: The Predominating State-Law Issues Favor Remand.**

21.     The second factor examines the extent to which state law issues predominate over bankruptcy issues.  Here, the TUFTA Case contains only claims under Texas law.  This factor,

---

[33] Ex. 3, at ¶¶ 2–5; 7; Ex. 7.
[34] Ex. 1, at ¶¶ 38–65; Ex. 2, at ¶¶ 37–64.
[35] *See Northern Natural Gas Co. v Sheerin*, No. SA-03-CA-304-RF, 2003 WL 22594457, at *7 (W.D. Tex. Oct. 20, 2003) (weighing factor in favor of abstention and remand where the state-court case contained no bankruptcy claims and state-law issues predominated).

therefore, favors abstention and remand too.[36]

**Factor 3: The Difficult or Unsettled Nature of the Applicable Law Favors Remand.**

22.     The third factor examines the difficult or unsettled nature of applicable law.  This case involves state-law claims—namely TUFTA and conspiracy.  Liability will likely turn not only the unique facts, but also the breadth of Texas law regarding: (i) TUFTA and conspiracy; (ii) veil-piercing, including alter ego; and (iii) spendthrift trusts.[37]  The need for any court adjudicating the TUFTA Case to consider these thorny Texas-law issues and related discovery disputes heavily favors remand, particularly to a state-court judge already familiar with the issues, parties, and counsel.[38]

**Factor 4: The Presence of a Related Proceeding Commenced in State Court or other Non-Bankruptcy Proceeding Favors Remand.**

23.     The fourth factor examines the presence of a related proceeding commenced in state court or other non-bankruptcy proceeding.  Here, the TUFTA Case was filed in state court months before FSS petitioned for bankruptcy protection.[39]  Where there is a pending proceeding in a state court at the time of the bankruptcy filing, including claims based on state fraudulent-transfer law, the court should exercise permissive abstention over such claims.[40]  This factor favors abstention.[41]

---

[36] *See In re Dune Energy*, 575 B.R. at 732; *see also In re IO AT Tech Ridge LP,* No. 17-11540-TMD, 2018 WL 2431640, at *4 (Bankr. W.D. Tex. May 3, 2018).

[37] Ex. 1, at ¶¶ 38–65; Ex. 2, at ¶¶ 37–64.

[38] Still, the matter need not be complicated to warrant abstention, so long as state law issues predominate.  *See Integrated Health Servs. v. Elkins (In re Integrated Health Servs., Inc.)*, 291 B.R. 615, 620 (Bankr. D. Del. 2003) ("[E]ven if a matter does not involve unsettled issues of state law, where the state law issues so predominate the proceeding as they do in this case, this factor weighs in favor of having the state court decide it.").

[39] Ex. 1; Ex. 8.

[40] *See Taub v. Taub (In re Taub)*, 413 B.R. 81, 93 (Bankr. E.D.N.Y. 2009) (finding that the presence of a pending proceeding based on state law weighed in favor of abstention); *Graham v. Yoder Machinery (In re Weldon F. Stump & Co.)*, 373 B.R. 823, 828 (Bankr. N.D. Ohio 2007) (bankruptcy court abstaining from hearing fraudulent transfer avoidance actions when parallel action was pending in state court receivership action).

[41] Id.

**Factor 5: The Lack of Jurisdictional Basis, if any, other than § 1334 Favors Remand.**

24.     The fifth factor examines the jurisdictional basis, if any, other than § 1334.  Here, the only jurisdictional basis is 28 U.S.C. § 1334.  FSS's notice of removal alleges there is diversity jurisdiction, but that is irrelevant.  Indeed, Defendants include home-state defendants, which defeats any diversity-based removal under 28 U.S.C. 1332.[42]  This is precisely why Jones and FSS did not—and could not—remove the TUFTA Case before FSS sought bankruptcy protection.  A bankruptcy should not be deployed as a route for otherwise impermissible forum shopping.  Therefore, this factor favors permissive abstention or remand.[43]

**Factor 6: The Relatedness of this Lawsuit to the Main Bankruptcy Case is Neutral.**

25.     Under the sixth factor, "the degree of relatedness or remoteness of a proceeding to the main bankruptcy case can neither weigh in favor of nor against abstention and remand when the proceeding will not be heard before the bankruptcy judge who heard the main bankruptcy case."[44]  Here, FSS seeks to have this case heard in the Bankruptcy Court for the Western District of Texas while the main bankruptcy case is being heard in the Bankruptcy Court of the Southern District of Texas.  In fact, this Court has already invited FSS to explain why the TUFTA Case was removed or transferred to this Court.  If this Court does not equitably remand this action, it may be heard by a different judge than the judge presiding over the main bankruptcy case.  As such, this factor is neutral.

---

[42] *See also In re Integrated Health Servs., Inc.*, 291 B.R. at 621 (Bankr. D. Del. 2003) (abstention warranted when "there is no independent basis for federal jurisdiction" and where "there is no diversity" since the plaintiff and at least one defendant were citizens of the same state).

[43] *In re IO AT Tech Ridge LP*, 2018 WL 2431640 at *4.

[44] *Special Value Continuation Partners, L.P. v. Jones,* Adv. No. 11-3304, 2011 WL 5593058, at *10 (Bankr. S.D. Tex. Nov. 10, 2011).

**Factor 7: The Substance rather than the Form of an Asserted Core Proceeding Favors Remand.**

26.      The seventh factor examines the substance of an asserted core proceeding. No bankruptcy claims are asserted and the TUFTA Case is not a core proceeding. Therefore, this factor "strongly supports abstention and remand[.]"[45]

**Factor 8: The Ability to Sever State Claims from Core Bankruptcy Matters Favors Remand.**

27.      The eighth factor examines the feasibility of severing state-law claims from core bankruptcy matters to let judgments be entered in state court with enforcement left to the bankruptcy court. Again, the TUFTA Case involves no core bankruptcy matters and contains only state-law claims. As such, there is nothing to sever and this factor favors permissive abstention and remand or, at a minimum, is neutral[46]

**Factor 9: The Burden of the Bankruptcy Court's Docket Favors Remand.**

28.      The ninth factor examines the burden on the bankruptcy court's docket. Here, the Texas Plaintiffs are entitled to a jury trial and do not consent to a jury trial in bankruptcy court.[47] As such, "it would take at least two different federal judges in two federal courts to fully adjudicate" their claims—while "the State Court (using one state court district judge) has the jurisdiction, authority, and docket availability to handle" all matters regarding the Texas Plaintiffs' claims.[48] This is especially true here—where the TUFTA state-court judge has dealt with the same

---

[45] *In re Dune Energy*, 575 B.R. at 727 ("state law causes of action based on pre-bankruptcy events that do not invoke a substantive right created by federal bankruptcy law" or "causes of action [that] exist under state law and stand independent of the bankruptcy case," are not "core" proceedings).; *Special Value Continuation Partners, L.P.*, 2011 WL 5593058 at *9.

[46] *See In re SBMC Healthcare, LLC*, 519 B.R. 172, 191-92 (Bankr. S.D. Tex. 2014) (holding this factor favors abstention when claims arise under state law and lack "core" bankruptcy matters).

[47] Unlike other non-core matters, which may be heard in the first instance by a bankruptcy court subject to *de novo* review by a district court, 28 U.S.C. § 157(c)(1), personal injury tort and wrongful death claims are explicitly required to be ordered tried in a district court, whether in the district where the bankruptcy case is pending or in the district in which the claim arose. 28 U.S.C. § 157(b)(5).

[48] In re Dune Energy, Inc., 575 B.R. at 733.

parties and counsel for years in the Texas Defamation Cases.  This factor, therefore, favors permissive abstention and remand.

**Factor 10: The Likelihood that the Removal Involves Forum Shopping Favors Remand.**

29.     The tenth factor examines the likelihood that the removal petition/commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties.  Forum shopping "must rise to a level demonstrating an attempt to abuse or manipulate the judicial process."[49]  It's no secret why Jones and his companies are desperate to get out of state court. Their litigation tactics and discovery abuses failed before Judge Guerra Gamble.  Indeed, Judge Guerra Gamble has not only rendered default judgments against them on these grounds but also sanctioned them for over $1 million. (And just last week, on November 22nd, Judge Guerra Gamble entered a judgment for the full $49 million jury verdict—determining that Texas's exemplary-damages cap did not apply based on the case's extraordinary facts.) For precisely that reason, Jones previously tried this removal tactic when he forced InfoWars into bankruptcy on the eve of trial in the first Texas Defamation Case.  Now it appears he is trying to take advantage of the removal allowed by bankruptcy courts once again by removing the TUFTA Case for the second time in six months.[50]  Gamesmanship like this should neither by rewarded, nor tolerated.  This factor favors permissive abstention and remand.

**Factor 11: The Existence of a Right to a Jury Trial Favors Remand.**

30.     The eleventh factor examines the existence of a right to a jury trial.  Again, the Texas Plaintiffs are entitled to a jury trial and do not consent to a jury trial before the bankruptcy

---

[49] *In re IO AT Tech Ridge LP*, 2018 WL 2431640 at *5.
[50] *See N.J. Dep't of Env'l Prot. v. Occidental Chem. Corp. (In re Maxus Energy Corp.)*, 560 B.R. 111, 128 (Bankr. D. Del. 2016) (finding abstention was warranted when lawsuit had been pending in state court and finding that forum shopping concerns were raised when party seeking bankruptcy jurisdiction had not enjoyed success in state court).

court.[51]  This Court "does not have authority to enter a final judgment in the Suit, since it is a non-core proceeding[.]"[52]  This factor, therefore, "weigh[s] heavily in favor of permissive abstention and remand."[53]

**Factor 12: The Presence in the Proceeding of Non-Debtor Parties Favors Remand.**

31.    The twelfth factor examines the presence of non-debtor parties.  With InfoWars dismissed, all but one of the remaining 29 parties are non-debtors.[54]  This factor favors permissive abstention and remand.[55]

**Factor 13: Comity Here Favors Remand.**

32.    The thirteenth factor examines comity.  The TUFTA Case involves only state-law issues, and the state-court judge already knows the issues, the parties, and their attorneys.  This factor also favors remand.[56]

**Factor 14: The Possibility of Prejudice to other Parties in the Action Favors Remand.**

33.    The fourteenth factor examines the possibility of prejudice to the other parties in the action.  Here, keeping the TUFTA Case in federal court prejudices the Texas Plaintiffs.  The state-court judge assigned to the TUFTA Case already knows the cast of characters and the discovery abuses that occurred in the Texas Defamation Cases.  The state-court judge will not have to play catch up to get up to speed on the last four years of litigation between the same parties.

---

[51] *See Bright v. S. Tech. Coll. (In re S. Tech. Coll., Inc.)*, 144 B.R. 421, 422 (Bankr. E.D. Ark. 1992) (abstention warranted when "plaintiffs have made demand for jury, again invoking complex procedures inasmuch as this Court cannot conduct jury trials" and noting that "[a] right to jury trial is another factor which militates in favor of remand to the state court or abstention in deference to the state court.").

[52] In re Dune Energy, Inc., 575 B.R. at 733.

[53] *Id.*

[54] Ex. 1; Ex. 2.

[55] *See also In re IO AT Tech Ridge LP*, 2018 WL 2341640 at * 6 (holding that this factor weighed in favor of abstention or remand where all but one party were non-debtor parties).

[56] *In re Dune Energy, Inc.*, 575 B.R. at 733 ("Suit involves state law issues and deference should be given to the State Court to decide state law issues[.];" *see also In re SBMC Healthcare, LLC*, 519 B.R. at 192 (factor favored abstention where "Plaintiffs had already instituted their suit in Texas state court when Defendants removed the lawsuit[.]").

Moreover, this Court cannot hold a jury trial on the TUFTA Case, so the Texas Plaintiffs would be at the mercy of yet another court in trying to get this case to trial.  On the other hand, there would be no "prejudice to any party by remanding the State Court Suit to state court" and keeping the case in federal court "would be wasteful and prejudicial to the parties."[57]  This factor favors permissive abstention and remand.

## IV.   <u>CONCLUSION</u>

"Under Western District precedent, a court should not just count how many factors favor each side and declare as winner the one with the most factors."[58]  "[A]ny equitable ground may support a court's decision to remand."[59]  As all equitable factors either favor remand or are neutral, equity demands this Court abstain from hearing the TUFTA Case and remand it to the State Court. For these reasons, the Texas Plaintiffs respectfully ask that the Court abstain and remand the TUFTA Case back to State Court in the 200th Judicial District of Travis County Texas.

Dated: November 28, 2022          Respectfully submitted,

MCDOWELL HETHERINGTON LLP

Avi Moshenberg
Texas Bar No. 24083532
1001 Fannin Street, Suite 2700
Houston, Texas 77002
D: 713-337-5580
F: 713-337-8850
E: Avi.Moshenberg@mhllp.com

*Counsel for the Texas Plaintiffs*

and

---

[57] *In re Rosales,* No. 12-30590-RBK, 2012 WL 4343701 at *7 (Bankr. W.D. Tex. Sept. 21, 2012).
[58] *In re IO AT Tech Ridge LP*, 2018 WL 2431640 at *6.
[59] *Id.*

CHAMBERLAIN, HRDLICKA, WHITE,
   WILLIAMS & AUGHTRY, PC

By: */s/ Jarrod B. Martin*
Jarrod B. Martin
Texas Bar No. 24070221
1200 Smith Street, Suite 1400
Houston, Texas 77002
D: 713.356.1280
F: 713.658.2553
E: jarrod.martin@chamberlainlaw.com

**Bankruptcy Counsel for the Texas Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing motion has been served upon all parties eligible to receive electronic notice of filings through the Court's CM/ECF system on November 27, 2022, which may include the following:

Raymond W. Battaglia
rbattaglialaw@outlook.com
LAW OFFICE OF RAYMOND W. BATTAGLIA
66 Granburg Circle
San Antonio, Texas 78218

F. Andino Reynal
areynal@frlaw.com
FERTITTA & REYNAL LLP
917 Franklin St., Ste. 600
Houston, Texas 77002

Shelby Jordan
sjordan@jhwclaw.com
JORDAN & ORTIZ, P.C.
500 N. Shoreline Blvd., Ste. 900
Corpus Christi, Texas 78401

Stephen Lemmon
lemmon@slollp.com
STREUSAND, LANDON, OZBURN & LEMMON, LLP
1801 S. MoPac Expwy., Suite 320
Austin, Texas 78746

Stephen A. Roberts
sroberts@srobertslawfirm.com
STEPHEN A. ROBERTS, PC
1400 Marshall Lane
Austin, Texas 78703

Ryan E. Chapple
rchapple@cstrial.com
CAIN & SKARNULIS PLLC
303 Colorado Street, Suite 2850
Austin, Texas 78701

*/s/ Jarrod B. Martin*
Jarrod B. Martin