IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re:<br><br>FREE SPEECH SYSTEMS, LLC,<br><br>Debtor. | §<br>§<br>§<br>§<br>§ | Chapter 11<br><br>Bankruptcy Case No. 22-60043 |
| NEIL HESLIN, SCARLETT, LEWIS, LEONARD POZNER, VERONIQUE DE LA ROSA, MARCEL FONTAINE<br><br>Plaintiffs,<br><br>v.<br><br>ALEX E JONES, FREE SPEECH SYSTEMS, LLC, PQPR HOLDINGS LIMITED, LLC, JLJR HOLDINGS, LLC, PLJR HOLDINGS, LLC, PLJR HOLDINGS LIMITED, LLC CAROL JONES, DAVID JONES, AEJ HOLDINGS, LLC, AEJ TRUST 2018,<br><br>Defendants.<br><br>DAVID WHEELER, FRANCINE WHEELER, JACQUELINE BARDEN, MARK BARDEN, NICOLE HOCKLEY, IAN HOCKLEY, JENNIFER HENSEL, DONNA SOTO, CARLEE SOTOPARISI, CARLOS M. SOTO, JILLIAN SOTO, WILLIAM SHERLACH, ROBERT PARKER, WILLIAM ALDENBERG,<br><br>Intervenors | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Adversary No. 22-03331 |

**MOTION TO WITHDRAW AS COUNSEL FILED BY ANNIE CATMULL, KATHLEEN O'CONNOR, AND O'CONNORWECHSLER PLLC**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

Annie Catmull, Kathleen O'Connor, and O'ConnorWechsler PLLC (collectively, the "OWPLLC"), respectfully show:

1. By this motion, OWPLLC respectfully requests entry of an order substantially in the form attached hereto granting this motion to withdraw as counsel for Free Speech Systems, LLC ("FSS").

**The Court's Authorization of Debtor's Engagement of OWPLLC**

2. On March 13, 2024, this Court entered an order authorizing (then) Subchapter V chapter 11 debtor, FSS, to employ OWPLLC to substitute in for attorney Ray Battaglia who had recently filed a motion to withdraw as counsel. ECF # 869 in the above-styled bankruptcy case.

3. Thereafter, OWPLLC made an appearance in the above-styled adversary proceeding.

4. On June 21, 2024, this Court entered an order in the main bankruptcy case dismissing the FSS bankruptcy case. ECF # 956 in the above-styled bankruptcy case. The same order, however, expressly retained jurisdiction of the above-styled adversary proceeding.

**"Cause" for Withdrawal of OWPLLC**

5. ***Termination by this Court***. There is cause for the relief sought in this motion. First, the above-described dismissal order provides as follows: "The employment of all professionals retained in these

chapter 11 cases and the Subchapter V Trustee's service is terminated." As such, OWPLLC's services have already been terminated by this Court. This is cause for withdrawal as counsel. Tex. R. Disc. P. 1.15(a)(3) (lawyer "shall" withdraw if discharged).[1]

6. ***Rules of ethics***. Second, to the extend that this Court determines that Alex Jones, as opposed to his chapter 7 trustee controls management rights over FSS, further representation by OWPLLC puts OWPLLC at undue risk of violating the professional rules of ethics. One, because OWPLLC has been discharged, see paragraph 5 above, withdrawal is mandatory. Two, as demonstrated at the June 14th hearing a few weeks ago, there is a fundamental disagreement[2] between OWPLLC and FSS's sole owner and member manager.[3] Three, early in this case, the Court denied an application to employ Marc Schwartz as CRO. Later, when this Court employed J. Patrick Magill as CRO, the Court took particular care to assure itself that Mr. Magill would be an independent CRO. The CRO followed this Court's independence mandate. Now the CRO's duties have been terminated. Going forward, like the separately pending PQPR litigation pending before this Court, that leaves OWPLLC in potential risk of running afoul of Tex. R. Disc. P. 1.12.[4]

---

1 "A lawyer … shall withdraw, except as stated in paragraph (c), from the representation of a client, if: … the lawyer is discharged, with or without good cause."

2 See comment 7 to Tex. R. Disc. P. 1.15: "The lawyer also may withdraw where the client insists on pursuing a repugnant or imprudent objective or one with which the lawyer has fundamental disagreement."

3 Subject to the rights of the chapter 7 trustee.

4 Before this Court appointed J. Patrick Magill as CRO in the bankruptcy case, the Court first denied FSS's application to engage a different proposed CRO, one apparently approved in advance of the FSS bankruptcy case by Alex Jones and his professionals. See ECF # 181. During the hearing that led to this Court's denial of that employment application, the Court made it clear that it (understandably) desires independence from a Court-appointed CRO. See ECF # 194, 9/20/22 tr., p. 215, lines 10-23 (Court questioning proposed CRO's independence by pointing out FSS cash collateral budget items that cover Alex Jone's travel expenses, legal expenses, and money to PQPR, a non-debtor entity indirectly owned by Alex Jones and his family).

During the subsequent hearing on whether to appoint J. Patrick Magill as the CRO, the Court swore Mr. Magill in and asked Mr. Magill if he has any connections to FSS, to Alex Jones, or to any principals or related entities, other than what is in Mr. Magill's filed disclosures. After Mr. Magill answered that he is aware of none, the Court continued: "And you understand, I think we, in prior cases, we've talked about how important I view the role of the CRO. If there's any issues then, how I view the fiduciary role that you would be taking on, and if there's any issues, you are to come to me." ECF # 232, audio tr. 27:56 to 28:38.

To the extent that continued representation of FSS in this adversary proceeding includes investigation of transactions directly or indirectly involving parties related to Alex Jones (or entities that he controls), continued

7. ***FSS's inability to pay***. Third, on June 21, 2024, the Texas plaintiffs filed a motion for turnover in Travis County District Court. The Travis County District Court thereafter[5] entered a turnover order directing FSS to turnover all of its assets to the creditors generally referred to in the FSS bankruptcy as the "Texas plaintiffs." See the emergency motion of the Alex Jones chapter 7 trustee discussing (and attaching) the turnover motion at ECF # 957 in case no. 22-60043 and ECF # 720 in case no. 22-33553. On June 27, 2024, the Court conducted a status conference on ECF #957. Based on the Court's remarks at the status conference, it may be that the Court ultimately rules that the turnover order obtained by the Texas plaintiffs is void. However, the Court has yet to hear evidence and rule on the matter. If the Texas plaintiffs prevail in the dispute, then FSS will lack the ability to pay OWPLLC. Finally, no one claiming to have authority to act for FSS has engaged OWPLLC to continue to represent FSS in this lawsuit. And OWPLLC, for its part, is a three-attorney firm. Unless the Court grants this motion to withdraw, therefore, OWPLLC's continuing representation of FSS in this adversary proceeding will be an unreasonable and substantial financial burden on OWPLLC. See Tex. R. Disc. P. 1.15 (b)(6)(cause for withdrawal includes that "the representation will result in an unreasonable financial burden on the lawyer").

8. ***No delay.*** Fourth, this Court has entered no scheduling order or trial setting in this adversary proceeding. There are no pending deadlines which must be met by FSS.

9. ***FSS has not indicated opposition.*** Fifth, FSS, of course, has a right to object to this motion. FSS is a limited liability company with a single owner/manager, Alex Jones. Alex Jones is in a chapter 7 bankruptcy case and on June 14, 2024, the Office of the U.S. Trustee appointed Chris Murray the interim chapter 7 trustee.

---

representation unduly risks violation of Tex. R. Disc. P. 1.12. See comment 3 to the rule, offering as an example, how "if an officer [here, the former CRO, J. Patrick Magill] of an organizational client [here, FSS] requests its lawyers to investigate allegations …. [Then] [t]he lawyer may not disclose to such [investigated] constituents information relating to the representation except for disclosures permitted by Rule 1.05."

[5] Apparently later the same day.

OWPLLC has advised FSS—through Chris Murray and his bankruptcy counsel, through Mr. Jones' personal bankruptcy counsel, through FSS's state court counsel – of OWPLLC's intent to seek withdrawal. To date there have been no responses indicating either opposition or lack of opposition. And to date it is not clear who has management rights over FSS as between the Alex Jones chapter 7 trustee and Alex Jones. See note 6 herein.

10. ***Position of other parties to this adversary.*** On June 26, 2024, the undersigned emailed counsel for all parties in this adversary to learn whether the parties oppose or do not oppose the relief sought in this motion. To date there have been no responses indicating either opposition or lack of opposition.

11. The undersigned certifies that a copy of this motion was served to FSS (via first class mail, and where indicated, email) at the addresses below.

| **Role With FSS** | **Name and Mailing Address** | **Email Address** |
|---|---|---|
| Chris Murray, the chapter 7 trustee in the Alex Jones bankruptcy case[6] | Chris Murray c/o<br>Erin Jones<br>Jones Murray LLP<br>602 Sawyer Street, Suite 400<br>Houston, Texas 77007<br><br>And<br><br>Chris Murray c/o<br>Joshua Wolfshohl<br>1000 Main St Ste 3600,<br>Houston, TX 77002 | erin@jonesmurray.com<br><br><br><br><br><br><br><br>jwolfshohl@porterhedges.com |
| Counsel of record for FSS in in Texas state court proceedings. | Free Speech Systems, LLC<br>c/o Federico "Andino" Reynal<br>917 Franklin Street, Sixth Floor<br>Houston Texas 77002 | areynal@frlaw.us |
| Counsel of record for FSS in the following matters in Texas state court proceedings. | Free Speech Systems, LLC<br>c/o Chris Martin<br>Martin Disiere Jefferson & Wisdom<br>808 Travis, Suite 1100 | martin@mdjwlaw.com |

[6] Based on the authorities set forth in ECF # 933 in case no. 22-60043, the chapter 7 trustee for Alex Jones may have sole management rights over FSS.

| Role With FSS | Name and Mailing Address | Email Address |
|---|---|---|
| | Houston, TX 77002 | |
| Counsel for record for Alex Jones in the Alex Jones bankruptcy case | Free Speech Systems, LLC<br>c/o Vickie L. Driver<br>2525 McKinnon Street, Suite 425<br>Dallas, TX 75201<br><br>Free Speech Systems, LLC<br>c/o Shelby Jordan<br>248 Addie Roy Rd., Suite B-301<br>Austin, TX 78746<br><br>and<br><br>Free Speech Systems, LLC<br>c/o Shelby Jordan<br>500 N. Shoreline Blvd. Suite 804<br>Corpus Christi, Texas 78401 | vickie.driver@crowedunlevy.com<br><br>sjordan@jhwclaw.com |
| FSS registered agent | Free Speech Systems, LLC<br>John C. Carsey<br>1100 Guadalupe St<br>Austin, TX 78701 USA | n/a |
| FSS address with Texas Secretary of State | Free Speech Systems, LLC<br>PO Box 19549<br>Austin, TX78701 | n/a |
| FSS address with the U.S. Bankruptcy Court | Free Speech Systems, LLC<br>3019 Alvin Devane Blvd. STE 300<br>Austin, TX 78741 | n/a |

12. OWPLLC respectfully requests that this Court enter an order granting this motion to withdraw as counsel.

**O'CONNORWECHSLER PLLC**

By: ___*/s/ Annie Catmull*___

Annie E. Catmull
State Bar No. 00794932
aecatmull@o-w-law.com
4400 Post Oak Plaza, Suite 2360
Houston, Texas 77027
Telephone: (281) 814-5977

**FOR O'CONNORWECHSLER PLLC, ANNIE E. CATMULL, AND KATHLEEN A. O'CONNOR**

## CERTIFICATE OF SERVICE

I certify that on July 17, 2024, I served a copy of the attached via the Court's electronic notification system to the parties who have made an electronic appearance in this case.

By: ___*/s/ Annie Catmull*_____________
Annie E. Catmull